*53
 
 Eobinson, J.
 

 The relators in this case are the trustees in liquidation of the Gambrinus Stock Company, a former Ohio corporation, now in the process of liquidation. The respondent is the auditor of Hamilton county.
 

 The action is one in mandamus and was begun in the Court of Appeals of Hamilton county to require the defendant auditor to call the attention of the county commissioners to the fact that certain taxes had been erroneously charged and collected during the five next preceding years from the Gambrinus Stock 'Company.
 

 The relators are lessees of certain real estate from the trustees of Woodward High School, a corporation, owners of the real estate; the property being subject to revaluation at stated intervals in order to fix the rent. The total rents, profits, and income received from the lease of the property are, and were, subsequent to June 1, 1917, given to the city school district of the city of Cincinnati exclusively for the use, endowment, and support of schools for the education of youth without charge. The taxes for the five years next preceding the bringing of this action were paid by the Gambrinus Stock Company. Demand was made upon the auditor to call the attention of the county commissioners to the fact that such taxes had been charged and collected erroneously, and the auditor refused to comply with such demand.
 

 The property was used by • the Gambrinus Stock Company for commercial purposes; no part of the proceeds of such commercial enterprise being used for the endowment and support of the schools for the free education of youth.
 

 
 *54
 
 To the petition of the relators a general demurrer was filed in the Court of Appeals, which demurrer was sustained and judgment rendered for the respondent. Error is prosecuted here.
 

 Section 5349, General Code, provides:
 

 “Public schoolhouses and houses used exclusively for public worship, the books and furniture therein and the ground attached to such buildings necessary for the proper occupancy, use and enjoyment thereof and not leased or otherwise used with a view to profit, public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation. This section shall not extend to leasehold estates or real property held under the authority of a college or university of learning in this state, but leaseholds, or other estates or property, real or personal, the rents, issues, profits and income of which is given to a city, village, school district, or subdistrict in this state, exclusively for the use, endowment or support of schools for the free education of youth without charge, shall be exempt from taxation as long as such property, or the rents, issues, profits or income thereof is used and exclusively applied for the support of free education by such city, village, district or subdistrict.”
 

 Section 2589, General Code, provides:
 

 “After having delivered the duplicate to the county treasurer for collection, if the auditor is satisfied that any tax or assessment thereon or any part thereof has been erroneously charged, he may give the person so charged a certificate to
 
 *55
 
 that effect to he presented to the treasurer, who shall deduct the amount from such tax or assessment. If at any time the auditor discovers that erroneous taxes or assessments have been charged and collected in previous years, he shall call the attention of the county commissioners thereto at a regular or special session of the board. If the commissioners find that taxes or assessments have been so erroneously charged and collected, they shall order the auditor to draw his warrant on the county treasurer in favor of the person paying them for the full amount of the taxes or assessments so erroneously charged and collected. The county treasurer shall pay such warrant from any surplus or unexpended funds in the county treasury/’
 

 Section 2590, General Code, limits the refunding of taxes to those which have been erroneously charged and collected in the five years next prior to the discovery by the auditor.
 

 It is conceded by the respondent that, if the provisions of Section 5349, General Code, are not in conflict with the Constitution, the taxes charged and collected on the property in question were erroneously' charged and erroneously collected.
 

 The sole question then in this case is whether the provision of that section, “leaseholds, or other estates or property, real or personal, the rents, issues, profits and income of which is given to a city, village, school district, or subdistrict in this state, exclusively for the use, endowment or support of schools for the free education of youth without charge, shall be exempt from taxation as long as such property, or the rents, issues, profits
 
 *56
 
 or income thereof is used and exclusively applied for the support of free education by such city, village, district or subdistrict,” is- in conflict with Section 2, Article XII of the Constitution.
 

 Section 2, Article XII of the 'Constitution of Ohio, reads, in part, as follows:
 

 “Laws shall be passed, taxing by a uniform rule *
 
 *
 
 * all real and personal property according to its true value in money, * * * but burying grounds, public school houses, houses used exclusively for public worship; institutions used exclusively for charitable purposes, public property used exclusively for any public purpose * * * may, by general laws, be exempted from taxation.”
 

 This court had that provision of the Constitution, and its application to a statute similar to the one here, under consideration in the case of
 
 Benjamm Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A., 1916D, 1170, and there held:
 

 “The real estate belonging to an institution of purely public charity is exempt from taxation only when used exclusively for charitable purposes, and if such real estate is rented for commercial and residence purposes it is not exempt, although the income arising from such use is devoted wholly to the purpose of the charity.”
 

 That syllabus might well be the syllabus of this case and is decisive of every contention raised in this case. For that reason Ave hold that that portion of Section 5349, General Code, which attempts to exempt from taxation property, “the rents, issues, profits and income of which is given to a city, village, school district, or subdistrict in
 
 *57
 
 this state, exclusively for the use, endowment or support of schools for the free education of youth without charge,” is in conflict with Section 2, Article XII of the Constitution of Ohio, although the income arising from such property is used “exclusively for the use, endowment or support of schools for the free education of youth without charge.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen and Kjnkade, JJ., concur.