BEXLEY VILLAGE, LTD. et al., Appellees,

v.

LIMBACH, Tax Commr.;

**Board of Education of Bexley City Schools, Appellant.**

[Cite as *Bexley Village, Ltd. v. Limbach* (1990), 68 Ohio App.3d 306.]

Court of Appeals of Ohio,
Franklin County.

Nos. 89AP–872, 89AP–873.

Decided June 28, 1990.

*Lane, Alton & Horst, Jeffrey J. Jurca* and *William M. Lane,* for appellees Bexley Village, Ltd., and Capital University.

*Anthony J. Celebrezze, Jr.,* Attorney General, *James C. Sauer* and *Janyce C. Katz,* for Joanne Limbach, Tax Commissioner of Ohio.

*Teaford, Rich, Belskis, Coffman & Wheeler, Jeffrey A. Rich* and *Rebecca Mills Green,* for appellant.

REILLY, Presiding Judge.

Appellant, Board of Education of Bexley City Schools, appeals from the judgment of the Board of Tax Appeals in favor of appellees, Bexley Village, Ltd. and Capital University ("Capital").

Bexley Village, a limited partnership, is the owner of Bexley Village apartments. The project was acquired in 1975 from the original developer while the development was still under construction. Bexley Village completed nine units, but left three, for which only the foundation slab was laid, uncompleted.

At the suggestion of the city of Bexley, Bexley Village entered into a lease with Capital in 1978. Capital, a private university, agreed to lease the vacant land containing the three unfinished apartment units for an eleven-month term at $1 per year. Capital planned to use the land as an auxiliary parking lot for its students. The lease provided that Capital would be responsible for maintenance and security, and that Capital would pay any real property taxes assessed on the lot. After the initial eleven-month term expired, Capital renewed the lease on a month-to-month basis. Capital also applied for tax exempt status under R.C. 5709.07.

Appellant filed a complaint in 1983 challenging the tax exempt status of this property with the Ohio Tax Commissioner. The Tax Commissioner, after a hearing, denied the tax exemption because the property was used equally, if not primarily, by the residents of the adjacent apartment complex. Bexley Village and Capital then appealed to the Board of Tax Appeals, which

reversed the tax commissioner and held that the property was exempt from taxation under R.C. 5709.07.

Appellant appeals, and asserts the following assignments of error:

"1. The Board of Tax Appeals erred as a matter of law in finding that the real property in question was connected with an institution of learning.

"2. The Board of Tax Appeals unreasonably and unlawfully found the parcel in question was tax exempt despite the manifest weight of the evidence that would indicate the parcel did not meet the qualifications of tax exemption under Ohio Revised Code Section 5709.07.

"3. The Board of Tax Appeals erred as a matter of law in granting an exemption to real property not connected to an institution of learning.

"4. The Board of Tax Appeals erred in granting an exemption to property in contravention of this Court's holding in *Evans Investment Company v. Joanne Limbach, Tax Commissioner of Ohio* [51 Ohio App.3d 104, 554 N.E.2d 941] (Court of Appeals, Tenth Appellate District, July 14, 1988, unreported, Case No. 88AP-216)."

The assignments of error are interrelated and are considered together.

■ The relevant portion of R.C. 5709.07, in effect during the relevant tax years, provided, as follows:

" * * * Public colleges and academies and all buildings connected therewith, and all lands connected with public institutions of learning, not used with a view to profit, shall be exempt from taxation. * * * "

R.C. 5709.07 includes two separate and distinct clauses. First, public colleges and academies and all buildings connected therewith are exempt from taxation regardless of whether the property is used with a view towards profit. *Cleveland State Univ. v. Perk* (1971), 26 Ohio St.2d 1, 6–7, 55 O.O.2d 1, 3–4, 268 N.E.2d 577, 580–581; *Denison Univ. v. Bd. of Tax Appeals* (1965), 2 Ohio St.2d 17, 31 O.O.2d 10, 205 N.E.2d 896, paragraph two of the syllabus. Second, all lands connected with public institutions of learning are exempted from taxation if they are not used with a view towards profit. Capital, though a private institution, qualifies as a public college, academy, or public institution of learning as it is not operated for profit and is open to all members of the public. *Denison Univ., supra,* paragraph one of the syllabus.

■ As this case concerns the taxation of land not part of the college itself or containing a building connected therewith, an exemption must be claimed under the second clause of the section. Hence, in order to qualify for the exemption, the property must be connected with the university and it must not be used with a view towards profit. Appellant maintains that neither of these

two elements are met in this case and that, consequently, the exemption of the property from taxation was error.

In order to qualify for the exemption, the property must first be connected with a public college or academy. If Capital owned the property a relatively simple issue would be presented. In that case, the property would be connected with the university if it was reasonably certain that Capital used the property in furthering or carrying out the necessary objects and purposes of the college. *Denison Univ., supra,* 2 Ohio St.2d at 21, 31 O.O.2d at 11, 205 N.E.2d at 898, citing *Kenyon College v. Schnebly* (1909), 12 C.C. (N.S.) 1.

While appellant disputes this issue, sufficient evidence was presented to establish that the property was used as a student parking lot in furtherance of the university's purpose. In *Denison, supra,* the court held that maintenance buildings, a farm used for horseback riding, and residences occupied by professors and official guests were exempt under R.C. 5709.07. Appellant maintains that the parking lot is primarily used by the neighboring apartment residents rather than university students. This is, however, a factual issue properly within the discretion of the Board of Tax Appeals. *Cardinal Fed. S. & L. Assn. v. Bd. of Revision* (1975), 44 Ohio St.2d 13, 73 O.O.2d 83, 336 N.E.2d 433. The board's finding that the property was used in furtherance of Capital's educational purposes was neither unreasonable nor unlawful.

Capital does not, however, own the property in question. It is leased from a private for-profit developer. Appellant maintains that, regardless of Capital's actual use of the property, the property is not connected with the university, as Capital neither owns it nor leases it for a ninety-nine year or similar term. In support of this position, appellant cites *Carney v. Cleveland City School Dist. Pub. Library* (1959), 169 Ohio St. 65, 8 O.O.2d 33, 157 N.E.2d 311, and this court's decision in *Evans Investment Co. v. Limbach* (1988), 51 Ohio App.3d 104, 554 N.E.2d 941. *Carney* concerned the application of R.C. 5709.08 which exempts real property belonging to the state or the United States. *Evans* construed R.C. 5709.12 and R.C. 5709.121 which exempt certain real property belonging to charitable or educational institutions. *Carney* and *Evans* held that there must be a unity of ownership and use in the party claiming the exemption, but that real property held under a ninety-nine year lease, renewable for two more terms, could be treated as though it was held in fee.

Neither of these cases are applicable to the statute at issue, because R.C. 5709.07 does not use the word "belonging," but instead uses the word "connected." The words "connected with," as used in R.C. 5709.07, clearly have a broader meaning than the words "belonging to." Consequently, the cases cited by appellant are not pertinent to the issue before this court.

In *Cleveland State Univ., supra,* the Supreme Court addressed an issue similar to that before this court. In 1967, Cleveland State University was a rapidly growing institution. Lacking the financial ability to build additional permanent classroom space, the university leased seven temporary relocatable buildings for a term of three years. The school paid a rental fee for the buildings and agreed to pay any applicable real estate taxes.

The court held that the buildings were connected with a public college as they stood on the university's campus and were used for classrooms and faculty offices. In its decision, the court focused on the use of the buildings rather than their attributes of ownership. While the court's judgment was based upon the first clause of the statutory provision concerning buildings, the use of phrase "connected with" in the second clause is functionally identical. Both buildings connected with public colleges and land connected with private institutions of learning may be exempted. If buildings are connected to public colleges even though leased for short terms, the same may be said of land.

We conclude that unity of ownership and use is not required to satisfy the "connected with" element of R.C. 5709.07. Since the property was used in furtherance of the university's educational purpose, it is connected with the university within the meaning of the statute.

In order to qualify for an exemption from taxation, the property must also not be used with a view towards profit. While the $1 per year rental does not qualify as profit, appellant maintains that Bexley Village profits from the lease by avoiding real property taxes and any maintenance expenses it would have incurred had it not leased the property to Capital. Appellant contends that the determination of whether the property was used with a view towards profit must be made with reference to both Capital's use of the property and Bexley Village's use of its ownership rights. In *Cleveland State, supra,* the same issue was raised but the court declined to consider it as the court's decision was based on the first clause of the exemption and consequently it was irrelevant whether the property was used with a view towards profit.

The Supreme Court's approach to this problem has a long history. In *Rose Inst. v. Myers* (1915), 92 Ohio St. 252, 110 N.E. 924, the court addressed the exemption for real estate belonging to a charitable institution now contained in R.C. 5709.12. This section exempts such property provided it is used exclusively for charitable purposes. The charitable institution in *Rose* owned the property but it was leased for profit to a third party. The charitable institution claimed that the property was used for charitable purposes, because the income derived from the lease was wholly devoted to charitable

purposes. The court, in rejecting this position, adopted two general rules of interpretation:

"1. It is the use of the property which renders it exempt or nonexempt, not the use of the income derived from it.

"2. The exemption is not a release *in personam* but a release *in rem,* and the *res* to which the release applies must be found and identified by the officer or no exemption can be recognized." *Id.* at 266, 110 N.E. at 928.

These rules are applicable to the issue in this case. Both the exclusive charitable use provisions in R.C. 5709.12 and the "not used with a view to profit" provision in R.C. 5709.07 accomplish the same objective. The provisions are intended to ensure that only property used for the stated purpose is exempted from taxation. Consequently, the issue is the use of the property, rather than the incidents of ownership. The focus is on the property itself, rather than the lessor or lessee. *Rose, supra.*

This approach is also in accord with Supreme Court cases construing R.C. 5709.07 and its predecessors. In *State, ex rel. Boss, v. Hess* (1925), 113 Ohio St. 52, 148 N.E. 347, the court assumed that a school board could not claim as exempt property which it leased to a third party even though the proceeds were used for educational purposes. Further, in *Cleveland State, supra,* the court emphasized the use of the property rather than its ownership.

In *Hess* and *Rose,* the property was used by the party seeking exemption for income. The court held such use to be non-exempt even though the proceeds were used for the proper purpose. Nonetheless, the opposite rule must apply in this case. Where the property is used for educational purposes, the property is exempt from taxation even though it produces income for its true owner. When applying the phrase "not used with a view to profit" found in R.C. 5709.07, the court should focus on the use to which the property is put by the party entitled to exemption under the statute.

Thus, the Board of Tax Appeals did not err in exempting the property. It is both connected with a public institution of learning and not used with a view to profit. The application of R.C. 5709.07 to this property is not unlawful and the findings of the Board of Tax Appeals are not unreasonable. Consequently, appellees met their burden of proof in showing they were within the exemption.

Appellant's assignments of error are overruled, and the judgment of the Board of Tax Appeals is affirmed.

*Judgment affirmed.*

McCormac and Winkler, JJ., concur.

Ralph Winkler, J., of the Hamilton County Court of Common Pleas, sitting by assignment.