ATHENS COUNTY AUDITOR, APPELLEE, *v.* WILKINS, TAX COMMR., APPELLEE;
LEE & L'HEUREUX PROPERTIES, L.L.C., APPELLANT.

[Cite as *Athens Cty. Aud. v. Wilkins,*
106 Ohio St.3d 293, 2005-Ohio-4986.]

(No. 2004–0594—Submitted June 14, 2005—Decided October 5, 2005.)

O'DONNELL, J.

{¶ 1} The issue addressed in this appeal is whether two privately owned dormitories located adjacent to Hocking Technical College in Nelsonville, Ohio ("Hocking") qualify for a property-tax exemption pursuant to either R.C. 3357.14 or 5709.07(A)(4).

{¶ 2} The owner of the property at issue here, Lee & L'Heureux Properties, L.L.C. ("L & L"), built the dormitories in 1998 and 1999. Along with a parking lot and some recreational space, the dormitories are situated on a 20–acre parcel of land directly across the Hocking River from the college campus and are accessible by a bridge over the river. The college has no ownership interest or tax obligation with respect to the dormitories and has not applied for, and would not benefit from, the tax exemptions sought by L & L.

{¶ 3} The college has, however, worked closely with L & L since the dormitories' inception. For instance, a vice president of the college assisted L & L in securing financing for constructing the dormitories, while the college's development director assisted L & L in designing the dormitories to meet student needs and promote the college's educational mission. The college entered into contracts with L & L to list the dormitories, once completed, as "campus housing" in student housing information.

{¶ 4} Moreover, the college plays an active role in administrating the dormitories, which house only Hocking students. The college sets dormitory rules regarding smoking, alcohol use, pets, and quiet hours, etc., and coordinates student room assignments and move-in and move-out dates. In addition, the college collects student rental payments—whose annual amounts are jointly

determined by L & L and the college—deducts its management and operation costs plus an $8,000 annual marketing fee for promoting student occupancy in L & L's dormitories, and forwards the balance to L & L. Students who fail to pay rent are prohibited from registering for classes at the college.

{¶ 5} In 2001, L & L sought an exemption with the Tax Commissioner for taxes owed or already paid on the property for tax years 2000 and 2001. Finding that the dormitories were exempt pursuant to R.C. 3357.14, the Tax Commissioner ordered all taxes, penalties, and interest for 2000 remitted and granted L & L an exemption for 2001, which the Athens County Auditor appealed to the Board of Tax Appeals ("BTA"). The BTA reversed the Tax Commissioner's decision, concluding that neither R.C. 3357.14 nor 5709.07(A)(4) allows private, for-profit entities like L & L to receive tax exemptions for rental property used by technical college students.

{¶ 6} L & L appealed to this court, claiming that regardless of whether the college or a private entity actually owns it, property "connected with" or "used by" a technical college is exempt from taxation under either R.C. 5709.07(A)(4) or 3357.14. Conversely, the Athens County Auditor asserts that because the property is not "connected with" the college within the meaning of R.C. 5709.07(A)(4), L & L is prohibited from receiving an exemption pursuant to that statutory provision. And, with respect to R.C. 3357.14, the auditor argues that since the college does not own the property or have any obligation to pay taxes on it, L & L cannot claim an exemption through the college solely because its students are housed in L & L's dormitories.

{¶ 7} For the following reasons, we agree with the auditor's position and affirm the BTA's decision.

{¶ 8} We review a decision of the BTA to determine whether it is "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783. Although we "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion," *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789, "[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations," this court will affirm the BTA's decision. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483. Moreover, any claimed tax exemption must be strictly construed, and the taxpayer must affirmatively establish a right to the exemption. *Campus Bus Serv. v. Zaino*, 98 Ohio St.3d 463, 2003-Ohio-1915, 786 N.E.2d 889, ¶ 8. See, also, R.C. 5715.271, stating that "the burden of proof shall be placed on the property owner to show that the property is entitled to exemption."

{¶ 9} We turn first to L & L's claim that R.C. 3357.14 provides an exemption for the property in question. That provision states: "A technical college district

shall not be required to pay any taxes or assessments upon any real or personal property acquired, owned, or used by" the district.[1] In this case, neither Hocking nor its technical college district is "required to pay any taxes or assessments" on L & L's property. Since L & L is the sole property owner, it alone is responsible for paying taxes on that property.

{¶ 10} While we recognize that the facts suggest that the college maintains a substantial relationship to the property, the BTA correctly concluded that the dormitories are not "used by" the college within the meaning of R.C. 3357.14. Instead, Hocking *students* use dormitories owned, insured, and operated by L & L through its agreements with the college, and, as the BTA noted, "[w]hile L & L may have chosen not to exercise all of its rights on a consistent basis under its agreements with Hocking Tech, there has been no evidence offered to indicate that it has 'given up' its rights under said agreements or amended the agreements in such a manner as to permanently relinquish the rights and responsibilities it contracted for under said agreements."

{¶ 11} L & L has no education-related mission; it exists to earn a profit by renting temporary housing accommodations to students attending the college. The BTA reasonably determined that the General Assembly promulgated R.C. 3357.14's tax exemption to reduce the tax burden on higher education facilities; not to shelter private property owners who build and maintain student housing near college campuses. The General Assembly has enacted similar tax exemptions for state and municipal colleges and universities, community college districts, and university branch districts. See R.C. 3345.17, 3349.17, 3354.15, and 3355.11. None of these statutes, however, exempt private landowners from paying taxes on property located near, or even on, a college or university campus.

{¶ 12} Accordingly, we agree with the BTA's decision and hold that because R.C. 3357.14 grants a tax exemption only to "technical college districts," and because L & L's property is not "used by" the college within the meaning of the statute, L & L is prohibited from receiving a tax exemption pursuant to R.C. 3357.14.

{¶ 13} We turn now to L & L's contention that it is entitled to a property-tax exemption pursuant to R.C. 5709.07(A)(4). In reviewing this claim below, the

---

1. A "technical college district" is a political subdivision of the state "organized for the purpose of establishing, owning, and operating one or more technical colleges within the territory of such district." R.C. 3357.01(B). R.C. Chapter 3357 governs the creation and operation of "technical colleges" in Ohio, which are described in R.C. 3357.01(A) and (D) as state-supported "institution[s] of education beyond the high school" in which the curriculum is designed to equip students to "pursue careers in which they provide immediate technical assistance to professional or managerial persons." See, also, R.C. 3357.15, which provides that the state will furnish funds for operating costs.

BTA, citing *Rickenbacker Port Auth. v. Limbach* (1992), 64 Ohio St.3d 628, 631, 597 N.E.2d 494, concluded that because "a property, to be exempt, must qualify under the criteria of the statute specifically applicable to that property," and because R.C. 3357.14 is the only statutory provision directly related to property-tax exemptions for technical colleges, R.C. 5709.07(A)(4) cannot provide L & L with a property-tax exemption. While we agree that R.C. 3357.14 is the only appropriate statutory provision under which to consider L & L's application for exemption, like the BTA, we will address L & L's argument regarding the applicability of R.C. 5709.07(A).

{¶ 14} R.C. 5709.07(A) states:

{¶ 15} "The following property shall be exempt from taxation:

{¶ 16} " * * *

{¶ 17} "(4) Public colleges and academies and all buildings connected with them, and all lands connected with public institutions of learning, not used with a view to profit."

{¶ 18} Since L & L is not itself a public college, academy, or public institution of learning, the critical inquiry with respect to this issue is whether L & L's buildings are "connected with" Hocking. As we noted in *Cleveland State Univ. v. Perk* (1971), 26 Ohio St.2d 1, 55 O.O.2d 1, 268 N.E.2d 577, privately owned buildings can be "connected with" a college and can thus qualify for the R.C. 5709.07(A)(4) tax exemption.

{¶ 19} In *Perk*, we concluded that "buildings located on the campus of a state university and used exclusively for classrooms and faculty offices are exempt from taxation, even though such buildings are not owned by the university, but are leased for a term of years, with provision for rental therefor, from a corporation for profit." Id. at paragraph two of the syllabus. The court added, "[W]e think it clear that the buildings in question * * * are buildings 'connected' with a public college." Id. at 5, 55 O.O.2d 1, 268 N.E.2d 577. Significantly, however, Cleveland State University had "obligated itself financially for the full amount of any real property taxes imposed on the buildings." Id. at 4, 55 O.O.2d 1, 268 N.E.2d 577. Because it leased the buildings and was contractually obligated to pay the taxes associated with them, the university, rather than the private owner, became the true beneficiary of the tax exemption in *Perk*.

{¶ 20} The dormitories at issue here are different. While privately owned buildings received the tax exemption in *Perk*, the taxpayer who benefited from the exemption was the public university rather than the separate private owner of the buildings—a significant distinction. In the case before us, the college does not own or lease the dormitories, is not contractually obligated to pay the taxes

on the buildings, and has not applied for and would not benefit from the tax exemption sought by L & L.

{¶ 21} In examining the tax exemption now codified in R.C. 5709.07(A)(4), Ohio courts have repeatedly determined that the exemption must benefit the public college itself, not a separate private entity. See, e.g., *Denison Univ. v. Bd. of Tax Appeals* (1965), 2 Ohio St.2d 17, 31 O.O.2d 10, 205 N.E.2d 896 (exempting Denison University from taxation on property it owned, including a carpentry shop, a storage shed, and the home of the university president); *Bexley Village, Ltd. v. Limbach* (1990), 68 Ohio App.3d 306, 588 N.E.2d 246 (exempting Capital University from taxation on a privately owned parking lot that the university had leased and on which the university had agreed to pay any taxes); *Ohio N. Univ. v. Tax Commr.* (1970), 21 Ohio App.2d 113, 50 O.O.2d 214, 255 N.E.2d 297 (exempting Ohio Northern University from taxation on its student union building when a private caterer hired by the university provided food service); *Kenyon College v. Schnebly* (1909), 21 Ohio C.D. 150, 31 Ohio C.C. 150, 1909 WL 1138, *3 (exempting Kenyon College from taxation on buildings it owned that served as the homes of faculty members and a janitor), affirmed without opinion, *Schnebly v. Kenyon College* (1909), 81 Ohio St. 514, 91 N.E. 1138.

{¶ 22} Although L & L has presented evidence that the college provides some administrative and marketing support to the dormitories, it cannot overcome its status as a private, for-profit company not engaged in the business of education. As indicated above, the General Assembly has never demonstrated any intent to provide private parties with such tax exemptions, and neither this court nor the BTA has ever interpreted these statutes in the manner suggested by L & L. See, e.g., *Cleveland Student Hous. Assn. v. Tracy* (1995), BTA No. 93–P–1192, 1995 WL 312638, in which a private nonprofit owner of a student housing facility near Case Western Reserve University could not receive a tax exemption under R.C. 5709.07(A)(4) when the university did not own or lease the property and was not obligated to pay any taxes on it. Therefore, even assuming R.C. 5709.07(A)(4) applies to technical colleges, L & L cannot establish that its dormitories are "connected with" the college, and L & L does not qualify for the statutory exemption.

{¶ 23} Accordingly, because neither R.C. 3357.14 nor 5709.07(A)(4) permits L & L to qualify for a tax exemption, we affirm the decision of the BTA.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

Rich, Crites & Dittmer and James R. Gorry, for appellee Athens County Auditor.

Bricker & Eckler, L.L.P., Mark A. Engel, and Alan D. Duffy, for appellant.