NEWMAN, AUD., APPELLANT AND CROSS-APPELLEE, *v.* LEVIN, TAX COMMR., APPELLANT AND CROSS-APPELLEE; CINCINNATI GAS & ELECTRIC COMPANY ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *Newman v. Levin,* 116 Ohio St.3d 1205, 2007-Ohio-5507.]

(No. 2007–1054—Submitted September 11, 2007—Decided October 23, 2007.)

{¶ 1} This cause is before the court upon the motions of appellees and cross-appellants, Cincinnati Gas & Electric Co., Dayton Power and Light Co., and Columbus Southern Power Companies, to dismiss the Tax Commissioner's notice of appeal and to dismiss certain claims or assignments of error set forth in the notice of appeal filed by the Adams County auditor. Appellees and cross-appellants have also filed a motion seeking oral argument on their motion to dismiss the Tax Commissioner's notice of appeal.

{¶ 2} The Tax Commissioner originally granted to appellees and cross-appellants the thermal-efficiency-improvement certificates that form the basis for the tax exemptions at issue in this appeal. The county auditor appealed that determination to the Board of Tax Appeals ("BTA"). The auditor and the Tax Commissioner have filed separate notices of appeal from the BTA to this court, both of which have been docketed under the present case number. In particular, the Tax Commissioner's notice of appeal seeks review of the BTA decision to the extent the BTA decision affirmed the Tax Commissioner's issuance of the certificates.

{¶ 3} The Tax Commissioner predicates his standing to appeal on the third paragraph of R.C. 5717.04. While it is true that R.C. 5717.04 creates statutory authorization to appeal, none of the persons named by the statute has standing to appeal unless that person has been aggrieved by the decision of the BTA from which appeal is taken. See *Dayton–Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33. We hold that when the Tax Commissioner has issued a certificate or determination granting a tax reduction or exemption, he is not aggrieved by a decision of the BTA to the extent that that decision affirms the grant of the tax reduction or

exemption. It follows, then, that the Tax Commissioner lacks standing to pursue the appeal that he has filed in this case.

{¶ 4} Accordingly, the motion to dismiss the Tax Commissioner's notice of appeal is granted, and that appeal is dismissed. Appellees and cross-appellants' motion for oral argument on the motion to dismiss the Tax Commissioner's notice of appeal is denied as moot.

{¶ 5} After careful consideration of the arguments of the parties as to appellees and cross-appellants' motion to dismiss certain claims or assignments of error set forth in the notice of appeal filed by the county auditor, we deny the motion. The denial of the motion does not preclude the parties' raising similar or related issues by brief.

{¶ 6} The clerk is directed to realign the Tax Commissioner as an appellee and cross-appellee in this case.

{¶ 7} The stay of briefing of this case is hereby lifted, and appellant and cross-appellee's brief is due 40 days from the date of this order.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

David C. DiMuzio, Inc., and David C. DiMuzio, for appellant and cross-appellee Adams County Auditor.

Marc Dann, Attorney General, and Janyce C. Katz, Assistant Attorney General, for appellant and cross-appellee Tax Commissioner.

Vorys, Sater, Seymour & Pease, L.L.P., Anthony L. Ehler, Douglas L. Rogers, and Jeffrey Allen Miller, for appellees and cross-appellants.