[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Equity Dublin Assocs. v. Testa,* Slip Opinion No. 2014-Ohio-5243.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-5243

EQUITY DUBLIN ASSOCIATES ET AL., APPELLEES, *v.* TESTA, TAX COMMR., ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Equity Dublin Assocs. v. Testa,* Slip Opinion No. 2014-Ohio-5243.]

*Real property taxation—Exemptions—Building leased to community college not exempt—R.C. 5709.07(A)(4) and 3354.15.*

(No. 2014-0168—Submitted September 10, 2014—Decided December 2, 2014.)

APPEAL from the Board of Tax Appeals, Nos. 2011-Q-1792 and 2011-Q-1795.

_____

**O'DONNELL, J.**

{¶ 1} This appeal addresses a claim of tax exemption for two separate buildings located on two separate parcels of real property, one of which is situated in the Dublin City School District, the other in the Columbus City School District. The landlords seek the exemption on the basis that Columbus State Community College is a tenant in each of the buildings and provides educational services to its students at each location.

{¶ 2} The appellants are the tax commissioner and the boards of education of the two school districts (collectively, the "BOE"). The commissioner and the BOE seek reversal of the partial grant of exemption by the Board of Tax Appeals ("BTA"). The BTA predicated its decision on the public-college exemption in R.C. 5709.07(A)(4) as construed in *Cleveland State Univ. v. Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577 (1971). Because we conclude that *Perk*'s holding does not apply to the facts in this case, we reverse the decision of the BTA.

### Facts and Procedural History

{¶ 3} This case involves two different exemption applications, two different parcels of real property in Franklin County, and two different property owners, but the exemption claims presented share a common issue for our review. The buildings that are located in the Dublin school district were owned by Equity Dublin Associates, and the building in the Columbus school district was owned by SHSCC #2 Limited Partnership. We will refer to the owners collectively as "Equity Dublin."

{¶ 4} Equity Dublin filed the applications for exemption on March 16, 2005, seeking exemption for tax year 2005 and remission for the preceding three years. Both applications predicate the claim for exemption on R.C. 3354.15 (releasing a "community college district" from the requirement to pay taxes or assessments on real or personal property) and 3358.10 (applying R.C. 3354.15 to "state community college districts"). Each application recites that the property was leased to Columbus State Community College.

{¶ 5} The Dublin application sought to exempt 13,545 square feet of a 116,000-square-foot office complex, stating that the annual enrollment of students at the site was 1,490 and reciting that "[a] full array of courses are [sic] offered and students in these locations can earn an Associate of Arts and Sciences Degree at these sites." The Columbus application sought to exempt 12,000 square feet of

office space in Groveport, leased to and occupied by Columbus State to educate some 490 enrolled students.

{¶ 6} Excerpts of lease instruments were attached to both applications, showing Columbus State as lessee. The lease of the Groveport property shows Columbus State's contractual obligation to pay the property taxes. The lease for the Dublin property differs, presumably because there Columbus State is renting part but not all of the premises. In the Dublin lease, the contract obligates Columbus State to pay taxes with respect to its personal property, but the real property tax is built into the rent; indeed, the contract contains a rent-adjustment clause, which, in case of a real-property tax increase, would increase the rent amount based on Columbus State's pro rata share of the tax increase.

{¶ 7} On May 23, 2011, the tax commissioner issued final determinations on the two applications. Regarding R.C. 3354.15, the tax commissioner's determinations reject the claim of exemption based on the language of the statute and *Athens Cty. Auditor v. Zaino*, 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804. Because the owner and taxpayer was a for-profit landlord, and because real-property taxes are imposed on the owner rather than the lessee, the tax commissioner ruled that the exemption was not available pursuant to R.C. 3354.15.

{¶ 8} Next, the commissioner proceeded to determine possible exempt status pursuant to R.C. 5709.07(A)(4), which exempts "[p]ublic colleges and academies and all buildings connected with them" and additionally exempts "all lands connected with public institutions of learning, not used with a view to profit." Relying on R.C. 5709.07(B), which states, "This section shall not extend to leasehold estates or real property held under the authority of a college or university of learning in this state," the commissioner concluded that "the statute provides exemption to college buildings and land, not leased or otherwise used for profit." According to the commissioner, this exemption did not extend to the

properties at issue, because of the for-profit nature of the leases.  In reaching that conclusion, the commissioner distinguished two cases:  *Bexley Village, Ltd. v. Limbach*, 68 Ohio App.3d 306, 588 N.E.2d 246 (1990), and *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577.

{¶ 9}   Finally, the tax commissioner cited former R.C. 5709.07(A)(1), which exempted "[p]ublic schoolhouses, the books and furniture in them, and the ground attached to them necessary for the proper occupancy, use, and enjoyment of the schoolhouses, and not leased or otherwise used with a view to profit."  Am.S.B. No. 171, 142 Ohio Laws, Part I, 147.  Here the commissioner regarded the court's decision in *Anderson/Maltbie Partnership v. Levin*, 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547, as dispositive, and concluded that because "the applicant is a for-profit commercial property management company that leases the subject property to a school under a commercial lease," the property "is not entitled to exemption."

{¶ 10} Equity Dublin appealed to the BTA.[1]  The BTA consolidated the cases and held a hearing at which the parties elected not to present additional evidence.  In its decision, the BTA held that R.C. 3354.15 did not apply, because, as explained in *Athens Cty. Auditor v. Wilkins*, 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804, the community college is not being required by law to pay property tax when it is not the owner of the property, given that the law imposes the obligation to pay on the owner alone.  BTA Nos. 2011-Q-1792 and 2011-Q-1795.

{¶ 11} As for the public-college exemption at R.C. 5709.07(A)(4), the BTA held that this court's decision in *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577, along with the Tenth District decision in *Bexley Village*, 68 Ohio App.3d 306, 588 N.E.2d 246, permitted exemptions when the public college leased the property

---

[1] Columbus State's board of trustees joined Equity Dublin in the notices of appeal, but the BTA granted the motions of the BOE and the tax commissioner to dismiss the trustees from the appeal.

from a landlord. The BTA found it particularly important that the modular buildings at issue in *Perk* were owned by a for-profit private company and leased by Cleveland State University. Yet although the leased building space was held to be exempt, the BTA also held that the parking lot in the Groveport case was not exempt under the authority of *Bexley Village*. Thus, the BTA decision was a split: the buildings or portions of buildings leased and occupied by Columbus State were exempt, but the parking lots were not.

{¶ 12} The tax commissioner moved the BTA for reconsideration. The primary ground of the motion was that consideration of the exemption claim under R.C. 5709.07(A)(4) was barred because the existence of a "more specific" exemption referring to community colleges at R.C. 3354.15 meant that "R.C. 5709.07(A)(4) cannot provide the appellant commercial property owners/lessors with a property-tax exemption." The "controlling holding" for this proposition was *Athens Cty. Auditor*, in which the court stated that "R.C. 3357.14 is the only appropriate statutory provision under which to consider [the for-profit landlord's] application for exemption." 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804, ¶ 13. As a second ground for reconsideration, the commissioner advanced R.C. 5709.07(B)'s statement that the section does not extend exemption to "leasehold estates."

{¶ 13} On January 28, 2014, the BTA issued a decision denying the motion for reconsideration. First, the BTA rejected the primary ground for reconsideration, noting that R.C. 3354.15 "is not applicable at all" because the properties "are owned by private, for-profit corporations." Second, the BTA rejected the second ground for reconsideration by relying on *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577, in which, as in the present case, buildings "connected" with Cleveland State were exempted even though Cleveland State leased them from a for-profit company.

**{¶ 14}** The tax commissioner and the BOE have appealed the partial grant of exemption, and for the following reasons, we reverse.

### Arguments of the Parties

**{¶ 15}** Combined, the BOE and the tax commissioner advance ten propositions of law, but these can be consolidated into to three main arguments. First, the BOE and the commissioner argue that exemption is not justified under R.C. 3354.15. They advance this argument even though the BTA rejected the claim of exemption on that ground below, and even though no cross-appeal was filed by Equity Dublin. In response, Equity Dublin takes up the invitation to address the claim of exemption under R.C. 3354.15, contending that the statute furnishes an alternative ground for affirming the decision below.

**{¶ 16}** Second, the BOE and the commissioner contend that the existence of an exemption specifically aimed at community colleges at R.C. 3354.15 precludes the possibility of exemption under the general public-college exemption set forth at R.C. 5709.07(A)(4). This argument rests on a pronouncement in *Athens Cty. Auditor*, 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804, ¶ 13, in which the court agreed with the assertion that "R.C. 3357.14 is the only statutory provision directly related" to the type of college at issue in that case and therefore is "the only appropriate statutory provision under which to consider [the] application for exemption." As a result, "R.C. 5709.07(A)(4) cannot provide [the for-profit property owner] with a property-tax exemption." *Id.* at ¶ 13.

**{¶ 17}** In response, Equity Dublin points out that the court in *Athens Cty. Auditor* proceeded to consider whether the property there was exempt under R.C. 5709.07(A)(4) and also that the argument has a circular and obscure quality, given that the appellants are arguing both that R.C. 3354.15 is unavailable to landlords because it is specific to community colleges and that R.C. 5709.07(A)(4) is unavailable to landlords because it applies more generally than the community-college exemption does.

6

{¶ 18} Third, the BOE and the commissioner contend that the public-college exemption is not available to a for-profit landlord, and they place heavy reliance on

{¶ 19} R.C. 5709.07(B), which states that the section "shall not extend to leasehold estates or real property held under the authority of a college or university of learning in this state." Equity Dublin counters primarily by its direct reliance on *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577, in which Cleveland State University was able to exempt modular buildings located on the campus even though those buildings were owned by a for-profit landlord and leased out to Cleveland State for its use. At oral argument, the tax commissioner additionally contended that our decision in *Case W. Res. Univ. v. Wilkins*, 105 Ohio St.3d 276, 2005-Ohio-1649, 825 N.E.2d 146, "said that [*Perk*] has no applicability anymore."

{¶ 20} The tax commissioner makes one additional argument of a jurisdictional nature. According to the commissioner, a claim of exemption under R.C. 5709.07(A)(4) is jurisdictionally barred because the exemption applications do not mention that statute as a basis for the exemption claim. The commissioner advances this contention despite the fact that his own determination extensively addressed the availability of exemption under that section.

### Standard of Review

{¶ 21} We review BTA decisions to determine whether they are reasonable and lawful. R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14, citing *Columbus City School Dist. Bd. of Edn. v. Zaino*, 90 Ohio St.3d 496, 497, 739 N.E.2d 783 (2001). Although we defer to the BTA with respect to its determination of factual issues, we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Satullo*, ¶ 14, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

**{¶ 22}** The essential facts of this matter are not in dispute; instead, this appeal confronts us with how the exemption statutes, properly construed, apply to those facts. This presents us with a question of law, which we decide de novo. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10.

### Failure to File Cross-Appeal

**{¶ 23}** Both the tax commissioner and the BOE argue that the appellee/property owners are not entitled to exemption under R.C. 3354.15. But that issue is not before the court. The BTA determined that that exemption did not apply, and the BOE and the tax commissioner—who opposed exemption of the property on any basis—were not aggrieved by that finding. As a result, they have no standing to appeal it. *See Newman v. Levin*, 116 Ohio St.3d 1205, 2007-Ohio-5507, 876 N.E.2d 960, ¶ 3 (tax commissioner lacked standing to appeal from a BTA decision to the extent that that decision affirmed his determination), citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 33.

**{¶ 24}** For its part, Equity Dublin asserts that the BTA erred in denying exemption pursuant to R.C. 3354.15 and maintains that the provision is an alternative ground for affirmance. But the case law is clear that in appeals from the BTA to the court under R.C. 5717.04, the specification requirement in the statute makes it necessary for a cross-appeal to be filed in order to place the issue before the court. *See Dayton-Montgomery Cty. Port Auth.*, ¶ 32.

**{¶ 25}** Because Equity Dublin did not cross-appeal, we cannot grant relief on the basis that the BTA rejected the exemption claim premised upon R.C. 3354.15 and 3358.10.

### Identifying a Particular Statute on an Exemption Application
### Is Not a Jurisdictional Prerequisite

{¶ 26} Before considering the property exemption issue, we address the threshold issue of jurisdiction raised by the tax commissioner, who contends that because Equity Dublin's application identified R.C. 3354.15 and 3358.10 but failed to identify R.C. 5709.07(A)(4) as a basis for exemption, there was no jurisdiction for the commissioner himself—or derivatively, the BTA and this court—to consider whether the property was exempt under R.C. 5709.07(A)(4). As the BTA noted, the tax commissioner's jurisdictional argument represents a change in approach, because the commissioner's final determination in this case considered two statutory exemptions that were not identified on the face of the exemption application.

{¶ 27} We reject the commissioner's argument. Even when a requirement on a tax form has been omitted and is procedurally important, it is not a jurisdictional prerequisite unless the statutes prescribe that requirement. *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 14-15, 23, citing and relying on *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457.

{¶ 28} In this case, the relevant statute is R.C. 5715.27, which authorizes exemption applications. It states that an owner "may file an application with the tax commissioner, on forms prescribed by the commissioner, requesting that such property be exempted from taxation."

{¶ 29} As we explained in *Groveport Madison*, the fact that the form itself calls for identification of an exemption statute did not create a jurisdictional requirement; there, the valuation-complaint form called for identification of the property owner, but proper identification of that person was not a jurisdictional prerequisite, because it was not directly required by the statute. *Accord*

*Knickerbocker*, ¶ 10-14 (although form called for setting forth the property owner's address, supplying a proper address was not a jurisdictional prerequisite, because the statute did not require it).

**{¶ 30}** In accord with this case authority, Equity Dublin's failure to identify R.C. 5709.07(A)(4) as a basis for exemption on the application does not bar the claim.[2] This is particularly true when, as here, the tax commissioner devoted extensive substantive consideration to the R.C. 5709.07(A)(4) claim.

### R.C. 3354.15 Does Not Preclude Consideration
### of the Claim under R.C. 5709.07(A)(4)

**{¶ 31}** The tax commissioner and the BOE argue that because R.C. 3354.15 expresses an exemption in relation to community colleges, that provision is, to quote the commissioner's second proposition of law, "the exclusive statute under which a claim to exemption based on a community college district's lease of the property may be considered." Or, as alternatively formulated by the BOE in its second proposition of law, R.C. 3354.15 is "the exclusive exemption for property acquired, owned or used by a community college district" and is "therefore the only appropriate statutory provision under which to consider an exemption claim for such property." This argument rests on a pronouncement in *Athens Cty. Auditor*, 106 Ohio St.3d 293, 2005-Ohio-4986, 834 N.E.2d 804, in which we agreed with the assertion that "R.C. 3357.14 is the only statutory provision directly related" to the type of college at issue in that case and therefore "the only appropriate statutory provision under which to consider [the] application

---

[2] At page 17 of his brief, the tax commissioner mistakenly asserts that the court has endorsed the doctrine that identifying the exemption statutes in the application is a jurisdictional prerequisite. The only court case cited is *NBC-USA Housing, Inc.-Five v. Levin*, 125 Ohio St.3d 394, 2010-Ohio-1553, 928 N.E.2d 715, ¶ 10, but that citation is unavailing. There the court did no more than enforce the familiar doctrine that, pursuant to R.C. 5717.02, the appellant at the BTA must identify *in its notice of appeal to the BTA* the errors complained of in the tax commissioner's determination. That is not at all the same as requiring that the basis for exemption have been stated in the exemption application.

for exemption." *Id.* at ¶ 13. As a result, "R.C. 5709.07(A)(4) cannot provide [the for-profit property owner] with a property-tax exemption." *Id*.

{¶ 32} What this argument ignores is that in *Athens Cty. Auditor*, we did proceed to consider the claim of exemption under R.C. 5709.07(A)(4), and we concluded that the exemption did not apply for reasons totally unrelated to the existence of a more specific exemption. Additionally, *Athens Cty. Auditor* involved technical colleges, which are subject to different statutes than the state community college at issue here. Under these circumstances, our reasoning about exclusivity in *Athens Cty. Auditor* is not binding on us as precedent in this case, because of the factual distinction between these cases.

{¶ 33} Beyond those factors, our consideration of Equity Dublin's claim under *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577, gives us cause to call into question the validity of our pronouncement in *Athens Cty. Auditor*. In *Perk*, a state university sought exemption as a lessee of modular buildings that had been installed on its land and were used for university purposes. R.C. 3345.17 created a specific tax exemption for state universities that depended on the university's ownership;[3] yet in *Perk*, we considered and granted an exemption to the university as lessee under R.C. 5709.07(A)(1).

{¶ 34} By the same logic, the fact that R.C. 3354.15 creates an exemption relating to community colleges as property owners does not prevent consideration

---

[3] Cleveland State's property was exempted by R.C. 3345.17 in 1964. Am.H.B. No. 2, 130 Ohio Laws, Part II, 181, 333. As we pointed out in *Perk*, Cleveland State University was created by R.C. Chapter 3344 in 1964, and the university's exemption application in that case pertained to buildings installed in 1967. *Perk*, 26 Ohio St.2d at 2. Plainly, Cleveland State's application in *Perk* was designed to evade the limitation on the state-university exemption that we have referred to as the "ownership qualification" in *Columbus School Dist. Bd. of Edn. v. Testa*, 130 Ohio St.3d 344, 2011-Ohio-5534, 958 N.E.2d 557, ¶ 13: because Cleveland State did not own the modular buildings at issue in *Perk*, the university had to seek exemption under R.C. 5709.07(A)(4). Under the appellants' exclusivity argument in this case, the exemption sought in *Perk* would have had to be denied; yet we granted the exemption in that case.

of a right to exemption under R.C. 5709.07(A)(1) based on the community college being a lessee of the buildings at issue.

**The Public-College Exemption Applies to Buildings Leased**

**by the College Only When the College Owns the Land**

*1.* Case W. Res. Univ. *applies where the college is lessor, not lessee*

**{¶ 35}** In arguing that exemption under R.C. 5709.07(A)(1) is not warranted here, the BOE and the tax commissioner emphasize R.C. 5709.07(B), which states that "[t]his section shall not extend to leasehold estates or real property held under the authority of a college or university of learning in this state," as a reason to deny the exemption. Reliance is placed upon *Case W. Res. Univ.*, 105 Ohio St.3d 276, 2005-Ohio-1649, 825 N.E.2d 146. Indeed, the tax commissioner contends that *Case W. Res. Univ.* both eclipses *Perk* and independently establishes that the public-college exemption is never available where there is a leasehold (except in precisely specified circumstances).

**{¶ 36}** The tax commissioner is mistaken on both counts. *Case W. Res. Univ.* addresses the situation where the public college is the owner and lessor of property that has been leased by the public college to a third-party tenant. That is the opposite of the situation here. Moreover, far from saying that *Perk* "has no applicability anymore," *Case W. Res. Univ.* does not even cite *Perk*.

**{¶ 37}** Because *Case W. Res. Univ.* is inapposite, we proceed to address whether the property at issue is exempt under the holding of *Perk*.

*2.* Perk *limits its holding to buildings "on campus," i.e.,*

*on the land owned by the institution*

**{¶ 38}** The case law is clear that, as the claimant seeking exemption, Equity Dublin has "the onus * * * to show that the language of the statute 'clearly express[es] the exemption' in relation to the facts of the claim.' " *Anderson/Maltbie*, 127 Ohio St.3d 178, 2010-Ohio-4904, 937 N.E.2d 547, ¶ 16, quoting *Ares, Inc. v. Limbach*, 51 Ohio St.3d 102, 104, 554 N.E.2d 1310 (1990).

The court also stated in *Anderson/Maltbie* that it would not broaden the judicial reading of the statute beyond the scope of exemption already established in the case law. *Id*. at ¶ 22-23.

{¶ 39} In plain terms, R.C. 5709.07(A)(4) provides an exemption as follows:

> (A) The following property shall be exempt from taxation:
> * * *
> (4) Public colleges and academies and all buildings connected with them, and all lands connected with public institutions of learning, not used with a view to profit * * *.

{¶ 40} The starting point is that "public colleges" are listed as a type of "property" to be exempted. The clear implication of this manner of speaking is that the statute's reference to public colleges and academies is intended to refer to property insofar as it is owned and occupied and used by those institutions for their basic institutional purposes.

{¶ 41} Equity Dublin seeks exemption by citing the statute as construed and applied in *Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577. In that case, Cleveland State was unable to afford to construct permanent buildings on part of its campus. As a result, it contracted for modular buildings to be installed that were owned by the installer, a for-profit company that leased the buildings to Cleveland State. *Id*. at 3. The BTA in this case read *Perk* as holding that "property used solely for classrooms and faculty offices were buildings 'connected with' a public college," and in the BTA's view the court had "specifically rejected the argument that the property must be *owned* and used by the public college to be entitled to exemption." (Emphasis sic.) BTA Nos. 2011-Q-1192 and 2011-Q-1195, at 8.

But the BTA's characterization ignores a crucial element of the court's reasoning in *Perk*.

{¶ 42} Consistent with *Anderson/Maltbie*, Equity Dublin must present facts governed by *Perk* and the language of the statute in order to prevail. In *Perk*, the buildings were leased from a for-profit company, as in this case; but those buildings were installed on land owned by Cleveland State for which Cleveland State had obtained exemption as public property used exclusively for public purposes. *Perk* at 2. That circumstance factually distinguishes *Perk* from this case.

{¶ 43} Two circumstances support the interpretation that ownership of land was decisive in *Perk*. First, the language of the statute that the court relied on indicates that it was. "Looking solely at the language 'public colleges and academies and all buildings connected therewith,' we think it clear that the buildings in question, standing on the campus of Cleveland State and being used solely for classroom and faculty offices, are buildings 'connected' with a public college." *Id*. at 5. Notably, the court's process of reasoning in that passage identifies *both* the use of the buildings *and* their presence "on the campus" as relevant to determining that they are connected. The court also incorporated both elements into the syllabus: "[B]uildings located *on the campus of* a state university and used exclusively for classrooms and faculty offices are exempt from taxation, even though such buildings are not owned by the university * * *." (Emphasis added.) Paragraph two of the syllabus.

{¶ 44} Second, *Perk* relied heavily on the court's earlier decision in *Denison University v. Bd. of Tax Appeals*, 2 Ohio St.2d 17, 205 N.E.2d 896 (1965). In that case, Denison sought exemption for various parcels of real property that it owned: a 127-acre farm with certain buildings, including a carpentry shop used for university maintenance and repair, a lumber shed used for storing lumber intended for the carpentry shop, the dwelling of the caretaker, and

riding facilities used for physical education; the president's home on the college campus; and a guesthouse and its eight-acre tract. *Id*. at 19. In upholding the exemption claim as to all of the property, and in finding that the buildings were sufficiently "connected with" the college and that the ancillary lands were not used for profit, we stated that it would be "unreasonable to tax facilities for such education where *private donations have provided those facilities* and thereby relieved tax dollars from providing them." (Emphasis added.) *Id*. at 28-29.

{¶ 45} In other words, the ownership of the lands by the public college as an endowment for the public good justified the broad scope of exemption under R.C. 5709.07 in *Denison*. Such a justification is not present in this case, where neither the land nor the building constitutes a "private donation" or a public expenditure, but both are leased from a for-profit landlord. Allowing the public-college exemption when neither the buildings nor the land belongs to the college is inconsistent with the rationale of *Denison*, as it is contrary to the reasoning of *Perk*.

### CONCLUSION

{¶ 46} The BTA erred by construing R.C. 5709.07(A)(4) to allow exemption in this case. We therefore reverse the decision of the BTA.

Decision reversed.

O'CONNOR, C.J., and KENNEDY, and FRENCH, JJ., concur.

PFEIFER, and LANZINGER, and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 47} Because the majority adds a requirement to R.C. 5709.07(A) that is not in the statute, I dissent. I would hold instead that the decision of the Board of Tax Appeals ("BTA") was reasonable and lawful.

{¶ 48} Under R.C. 5709.07(A)(4), the following property is exempt from taxation: "Public colleges and academies and all buildings connected with them,

and all lands connected with public institutions of learning, not used with a view to profit." The BTA reasonably and lawfully determined that the buildings leased by Columbus State Community College are entitled to exemption under R.C. 5709.07(A)(4) because they are "connected with" the community college. The majority does not quarrel with the fact that Columbus State used the property at issue for basic institutional purposes, educating an annual enrollment of 1490 students at the Dublin property and 490 students at the Groveport property. I would hold that those facts, which demonstrate a use of the property for core educational purposes, provide the requisite connection between the buildings and Columbus State to allow the exemption.

{¶ 49} But the majority inserts an additional requirement for the exemption—that the land beneath the buildings be owned by the public college—which it claims was made mandatory by this court in *Cleveland State Univ. v. Perk*, 26 Ohio St.2d 1, 268 N.E.2d 577 (1971). In *Perk*, this court considered whether the exemption in former R.C. 5709.07, which was identical in all meaningful respects to the version of the statute at play in this case, should apply to temporary buildings leased to Cleveland State University. A few years after Cleveland State's 1964 founding, "apparently lacking financial ability to build needed classrooms and faculty offices, its board of trustees * * * entered into an agreement with Modulux, Inc., a corporation for profit, by which Cleveland State leased from Modulux seven temporary relocatable buildings for a term of three years with an option for a one-year or two-year renewal." *Id.* at 2. Modulux and Cleveland State, which was contractually obligated to reimburse Modulux for any property taxes it paid on the buildings, sought an exemption from property taxes. The BTA denied the exemption, basing its decision on the for-profit nature of Modulux, and ignoring the educational use of the buildings:

16

> "The buildings are being used by Modulux, Inc., a corporation for profit, to generate income and profit. The fact that the lessee uses the property for educational purposes is immaterial. Modulux, Inc., is not an institution of learning and, as owner of the subject property, Modulux, Inc., is not using the property for educational purposes."

*Id*. at 3, quoting the BTA's decision.

{¶ 50} This court reversed, holding instead that the fact that the lessee used the property for educational purposes was not immaterial, but crucial: "Looking solely at the language 'public colleges and academies and all buildings connected therewith,' we think it clear that the buildings in question, standing on the campus of Cleveland State and being used solely for classrooms and faculty offices, are buildings 'connected' with a public college. *Id.* at 5.

{¶ 51} The majority has made this court's recognition in *Perk* that the buildings at issue were on Cleveland State's campus a sine qua non of eligibility for an R.C. 5709.07(A) exemption. However, although the building's location may have been a factor in cementing the connection of the buildings to Cleveland State, their location was not an indispensable part of the holding.

{¶ 52} *Perk* resolved two key issues. First, the court held that the applicant for the exemption need not be the owner. The second issue was whether the limiting phrase "not used with a view to profit" of R.C. 5709.07 controlled the phrase "public colleges and academies and all buildings connected therewith." The court held that the limiting phrase applied to lands, not buildings. This court concluded, "Thus it appears that the buildings in question are entitled to tax exemption, even if 'used with a view to profit' within the meaning of those words in R.C. 5709.07." *Perk* at 8. Thus, this court held that buildings connected with public colleges are exempt from taxation, even if they are not owned by the public

college and even if a nonpublic entity profits from the public college's use of the buildings.

{¶ 53} Whether the buildings were connected with Cleveland State was never an issue in *Perk*. Yes, the court noted that the buildings were on the campus of Cleveland State and used exclusively for classrooms and offices, but this court in no way held that buildings *must* be on an institution's main campus in order to qualify for the exemption. All that the statute requires is that the building be connected with the college. *Perk* does not hold otherwise.

{¶ 54} The exemption at issue applies to the *buildings*, and thus, who owns the land below the buildings is not relevant. R.C. 5709.07(A)(4) treats land differently from buildings. This case is about buildings. The buildings in this case are indisputably connected to Columbus State. Two thousand students per year went to these buildings in order to earn credits for a degree from Columbus State. Are those credits worth less than those earned in a building on the main campus in downtown Columbus? Should Columbus State be punished for its efforts at suburban outreach? As the majority acknowledges, it is Columbus State—like Cleveland State in *Perk*—that will be paying the taxes in this case if the R.C. 5709.07 exemption is deemed inapplicable. Ultimately, that burden will fall upon students and taxpayers. Certainly the General Assembly had that fact of life in mind when it instituted the exemption.

{¶ 55} The General Assembly has determined that buildings used to educate Ohioans at public colleges are exempt from taxation. This court has previously determined that that exemption should apply regardless of the owner of the buildings. But the majority takes an incidental fact from *Perk* and makes it an essential element of eligibility for an R.C. 5709.07(A)(4) exemption. In doing so, it ignores the intent of the statute and encumbers the mission of community colleges in Ohio.

LANZINGER and O'NEILL, JJ., concur in the foregoing dissenting opinion.

_____

Luper, Neidenthal & Logan, Matthew T. Anderson, and M. Salman Shah, for appellees.

Michael DeWine, Attorney General, and Barton A. Hubbard and David D. Ebersole, Assistant Attorneys General, for appellant Tax Commissioner of Ohio.

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Kimberley G. Allison, for appellants Dublin City School District Board of Education and Columbus City School District Board of Education.

_____