NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4002

MOSKOWITZ, APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Moskowitz v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-4002.]**

*Taxation—Real-property valuation—Burden is on taxpayer to prove his right to reduction in board of revision's value—Decision of Board of Tax Appeals affirmed.*

(No. 2015-0313—Submitted April 4, 2017—Decided May 30, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-1160.

_____

**Per Curiam.**

{¶ 1} Appellant, Marvin Moskowitz, after successfully obtaining from the Cuyahoga County Board of Revision ("BOR") a property-value reduction for tax year 2012 from $148,800 to $60,000, appealed to the Board of Tax Appeals ("BTA"), seeking a further reduction to $25,000. The BTA upheld the BOR's

value, and on appeal to this court, Moskowitz contends that the record contains insufficient support for the BOR's value and clearly negates the Cuyahoga County fiscal officer's original assessment. On this basis, he urges us to accept his own opinion of value, $25,000. Because we find that the BTA acted reasonably and lawfully in retaining the BOR's reduced value, we affirm.

## FACTUAL BACKGROUND

{¶ 2} Moskowitz filed a complaint challenging the $148,800 valuation found by the fiscal officer for tax year 2012. The complaint sought a reduction to $70,000 and asserted that the change was justified because "property values in general have declined in Cuyahoga County." The property is a two-family residence in Cleveland Heights.

{¶ 3} At the BOR hearing, Moskowitz identified pictures showing various rooms in the house that had been damaged by fire in December 2000, and he testified that the fire had reduced the livable area. Moskowitz further testified that he had not had the money to repair the damage and so he had not finished the repairs during the 11 years between the fire and the lien date of January 1, 2012. Moskowitz opined that the property's value was between $25,000 and $30,000 in 2012, and he amended his complaint to seek a reduction to $25,000.

{¶ 4} In support of his claim, Moskowitz presented a table showing sales of nearby properties and comparing the fiscal officer's valuations for 2012 with the respective sale prices. No authenticating testimony was offered, but the document on its face purported to derive the information from the fiscal officer's website, and through counsel, Moskowitz asked that judicial notice be taken of the information. The table showed sale prices for properties near Moskowitz's property between August 2008 and November 2013, with prices ranging from a low of $0, for a property donated to a land bank, to $93,000. No adjustments were performed to relate the sale prices to the value of the property at issue.

**{¶ 5}** After the hearing, the BOR sent a representative to visit the property. The BOR transcript contains the representative's notes upon viewing the property. The notes indicate that the property was viewed on January 31, 2014, that the property was in "very poor condition," and that the representative recommended that the condition of the property be changed from good to very poor in the fiscal officer's records. The representative suggested a reduced value in the range of $47,800 to $60,000.

**{¶ 6}** The BOR's "Oral Hearing Worksheet and Journal Entry" refers to a proposed reduction in the valuation of the home of $88,800, with the result that the total value was to be $60,000. That was the value adopted, and the worksheet predicates the reduction on "revised square footage and condition as of tax lien date."

**{¶ 7}** On appeal to the BTA, Moskowitz testified that when the county representative came to view his property, he asked Moskowitz how much money he had put into the property after the fire and Moskowitz told him $60,000. Moskowitz surmises that that was the basis for reducing the value of the property to $60,000. In its decision, the BTA rejected Moskowitz's list of comparable properties on the primary ground that no adjustments had been made to relate the sale prices to the value of the subject property. The BTA noted that the county had no duty to defend its valuations and that evidence of detrimental property characteristics was not sufficient to justify a reduction unless the complainant proved the effect of the characteristics on the property value. The BTA affirmed and adopted the BOR's reduced valuation, and Moskowitz appealed to this court.

## ANALYSIS

**{¶ 8}** Moskowitz advances five propositions of law, but they can be distilled to two central contentions. First, Moskowitz argues that he should prevail because he shifted the burden of proof to the county and the county has not met its burden. Second, Moskowitz argues that his opinion of value, $25,000, must be accepted

because the record, including the BOR's reduction and the alleged flaws in the county fiscal officer's valuation technique, negates the fiscal officer's original assessment. We conclude that Moskowitz is wrong on both counts.

**{¶ 9}** On the first point, the case law unequivocally refutes Moskowitz's burden-shifting theory. In *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960), we stated that "[t]he burden is on the taxpayer to prove his right to a deduction" and that he is "not entitled to the deduction claimed merely because no evidence is adduced contra his claim." Numerous later cases develop this principle. *See Zindle v. Summit Cty. Bd. of Revision*, 44 Ohio St.3d 202, 203, 542 N.E.2d 650 (1989) (based on taxpayers' presentation, both the board of revision and the BTA reduced the true value of the property, and the court "defer[red] to the BTA's determination that the [owners had] not presented sufficient evidence to prove that a greater reduction [was] warranted"); *Westlake Med. Investors, L.P. v. Cuyahoga Cty. Bd. of Revision*, 74 Ohio St.3d 547, 549, 660 N.E.2d 467 (1996) ("the BTA may approve a board of revision's value if the taxpayer does not prove a right to a reduction in value"). *See also EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 6 (In order to meet its burden of proof at the BTA, "the appellant must come forward and *demonstrate that the value it advocates is a correct value*" [emphasis added]); *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574, 635 N.E.2d 11 (1994) (endorsing the BTA's declaration that a taxpayer "may successfully challenge a determination of a Board of Revision only where the taxpayer produces competent and probative evidence to establish the correct value of the subject property").

**{¶ 10}** Because of Moskowitz's failure to demonstrate a value below $60,000—the value found by the BOR—the BTA reasonably and lawfully retained the BOR's value under these circumstances.

**{¶ 11}** On the second point, Moskowitz takes primary aim not at the reduced value found by the BOR and adopted by the BTA but at the original value found by the fiscal officer. Moskowitz asserts that the county's mass-appraisal system is flawed and that his own "evidence of comparable sales [is] superior to that produced by the Fiscal Officer's [computer-assisted mass appraisal] methodology." But this argument must fail for the most fundamental of reasons: once the BOR replaced the mass-appraisal value with a lower value, Moskowitz was no longer aggrieved by the original mass-appraisal value, with the result that he cannot challenge that value through this appeal. In tax proceedings, a party may appeal a decision only to the extent that the decision aggrieves that party. *See Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, 865 N.E.2d 22, ¶ 31-33 (despite agreement of parties that clerical error was made in assigning value to the land, court held that it lacked jurisdiction to adjust the land value because no party aggrieved by it had made it the subject of appeal); *Newman v. Levin*, 116 Ohio St.3d 1205, 2007-Ohio-5507, 876 N.E.2d 960, ¶ 3 (tax commissioner could not appeal BTA decision to the extent that the decision affirmed his determination); *Equity Dublin Assocs. v. Testa*, 142 Ohio St.3d 152, 2014-Ohio-5243, 28 N.E.3d 1206, ¶ 23. As the property-tax payer, Moskowitz benefitted from the reduction in value from $148,800 to $60,000, and he cannot challenge the original valuation, because that is no longer the value assigned to the property by the county. The only basis upon which he can challenge the $60,000 value is evidence indicating a value below $60,000. As a result, the alleged defects of the mass-appraisal system are not at issue here.

**{¶ 12}** The question in this appeal is whether Moskowitz proved a value lower than $60,000. Contrary to Moskowitz's suggestion, the BTA's determination that he failed to do so merits our deference. We have long held that

[t]he fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the Board of Tax Appeals with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.

*Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13, 336 N.E.2d 433 (1975), paragraph four of the syllabus. And we have held that the BTA "is vested with wide discretion in determining the weight to be given to evidence and the credulity of witnesses which come before [it]." *Id.* at paragraph three of the syllabus; *see also EOP-BP Tower*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, at ¶ 9, 14. In the end, the BTA acted reasonably and lawfully by determining that because "the compilation of the sales [by Moskowitz] was only one step in a sales-comparison approach to value" and because Moskowitz "did not adequately adjust for differences among the properties," the evidence offered by Moskowitz was "not adequate support for a reduction in the true value of the subject property" below the $60,000 value found by the BOR. BTA No. 2014-1160, 2015 WL 402159, *3.

**{¶ 13}** The ancillary points advanced in Moskowitz's brief do not compel a different result. Moskowitz argues that the BTA erred in excluding as hearsay his testimony about comparable sales and the comparable-sale documentation that he submitted. Although the BTA did state that "usually the owner may not testify about comparable properties, because that testimony would be hearsay," *id.* at *2, the BTA actually rejected the evidence on the ground that the evidence was not probative, because it did not adjust for differences in the properties, *id.* at *3. We have already held that that determination was reasonable and lawful.

**{¶ 14}** In the same vein, Moskowitz seizes on the form of the words the BTA employed as a basis for an objection. In the BTA's view, the lack of adjustments to the comparables meant that Moskowitz's "evidence regarding the sales of other properties is *not adequate support* for a reduction in the true value of the subject property." (Emphasis added.) *Id.* Moskowitz's argument characterizes this as a legal issue of the admissibility and sufficiency of the evidence, but taken in context, the BTA's determination constitutes a finding that the evidence was not probative of the $25,000 value sought by Moskowitz.

**{¶ 15}** Also mistaken is Moskowitz's contention that the BTA premised its decision on a legal requirement that a formal appraisal be presented in every tax-valuation proceeding. The BTA stated merely that an owner's opinion of value, while competent, may not be probative, and it found that Moskowitz's opinion was not probative here.

**{¶ 16}** Finally, because we reject Moskowitz's individual claims of error, it follows that the cumulation of these alleged errors cannot furnish grounds for relief.

## CONCLUSION

**{¶ 17}** Moskowitz has presented evidence at two hearings before two tribunals. He received a reduction in value by more than half from the BOR, and the BTA reasonably and lawfully found that his claim for further reduction was not supported by the evidence. We therefore affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

J. Alex Morton, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellees.

_____