[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Schutz v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-1588.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1588

SCHUTZ, APPELLANT, *v*. CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Schutz v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-1588.]**

*Taxation—Real-property valuation—Board of Tax Appeals acted reasonably and lawfully in retaining county fiscal officer's valuation—Property owner failed to carry burden of proving that value he advocated is correct value— Decision affirmed.*

(No. 2015-0288—Submitted January 23, 2018—Decided April 25, 2018.)

APPEAL from the Board of Tax Appeals, No. 2013-6566.

_____

**Per Curiam.**

{¶ 1} This case involves residential property located on Berkeley Road in Cleveland Heights and owned by appellant, Alex Schutz. He challenged the tax-year-2012 valuation of the property by appellee Cuyahoga County fiscal officer.

Appellee Cuyahoga County Board of Revision ("BOR") rejected his claim, retaining the fiscal officer's valuation, and the Board of Tax Appeals ("BTA") affirmed. In his appeal here, Schutz contends that the BTA misplaced the burden of proof and did not give proper consideration to the evidence he presented in support of his claim. We affirm the BTA's decision.

**Facts and Procedural History**

{¶ 2} For tax year 2012, a reappraisal year in Cuyahoga County, the fiscal officer valued the subject property at $104,100. In his valuation complaint, Schutz asked the BOR to decrease the valuation to $40,000.

{¶ 3} At the BOR hearing, Schutz presented evidence showing that he had purchased the property from a bank in January 2009 for $14,300. He testified that the property had been the subject of multiple housing-code violations and was in "fair" condition on the January 1, 2012 tax-lien date. He said that his requested valuation of $40,000 represented the sum of the purchase price and the cost of the improvements he had made to the property as of the tax-lien date. To further support his claim, Schutz presented evidence showing that, in 2010, a bank denied his request for a loan in the amount of $56,000. Among other reasons for the denial, the bank stated that Schutz lacked sufficient equity in the property. Schutz also testified that he had unsuccessfully listed the property for sale, with an asking price around $70,000. The BOR retained the fiscal officer's valuation, and Schutz appealed to the BTA.

{¶ 4} At the BTA, Schutz presented evidence showing that he and the fiscal officer had stipulated to a value of $14,300 for tax years 2009 and 2010. He also presented lists of purported sale prices of other properties in the neighborhood since January 2009. One document states that "[t]he median sale price of homes on Berkeley Rd. west of Taylor Rd. since 2009 is $33,500." Schutz did not explain what sources he used to create these documents, and he did not make adjustments to relate the purported sale prices to the subject property. For their part, the fiscal

officer and the BOR (collectively, "the county") did not present any evidence in support of the $104,100 valuation.

{¶ 5} The BTA rejected Schutz's claim, finding that his January 2009 purchase of the property was not a reliable indicator of value because it was "too remote" from the January 2012 tax-lien date. BTA No. 2013-6566, 2015 WL 402106, *2 (Jan. 20, 2015). The BTA concluded, "In the absence of [a] qualifying sale[], * * * [Schutz] was required, but failed, to provide [a] competent appraisal[] of the parcel[], attested to by a qualified expert, for the tax lien date in issue. As such, we are constrained to conclude that [Schutz] has failed to satisfy his evidentiary burden * * *." *Id*. The BTA did not address Schutz's remaining evidence. Schutz appealed to this court.

## Analysis

### *Standard of review*

{¶ 6} We must affirm the BTA's decision if it is "reasonable and lawful." R.C. 5717.04. "The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities, and this court will not disturb a decision of the [BTA] with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful." *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. We review legal issues de novo. *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 11.

{¶ 7} This case presents both factual and legal questions. The BTA assigned no weight to Schutz's January 2009 purchase because it found that the sale was not recent in relation to the tax-lien date. We defer to that finding because it is supported by the record. *See Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27. But because the BTA did not address Schutz's other evidence, it made no factual findings concerning that

evidence to which we can defer. The primary question regarding that evidence, therefore, is one of legal sufficiency, which we review de novo. *See Emerson v. Erie Cty. Bd. of Revision*, 149 Ohio St.3d 148, 2017-Ohio-865, 73 N.E.3d 496, ¶ 13.

*The burden of proof*

**{¶ 8}** In his second proposition of law, Schutz argues that the BTA misplaced the burden of proof by not requiring the county to demonstrate the validity of the fiscal officer's valuation. This proposition stands against our well-settled precedent.

**{¶ 9}** In a valuation case, "the party challenging the board of revision's decision at the BTA has the burden of proof to establish its proposed value as the value of the property." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, 915 N.E.2d 1196, ¶ 23. To meet that burden, the challenging party "must come forward and demonstrate that the value it advocates is a correct value." *EOP-BP Tower, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, ¶ 6. When the challenging party fails to carry this burden at the BTA, a county "bears no burden to offer proof of the accuracy of the appraisal on which [it] initially relies." *Colonial Village* at ¶ 23. In that case, "the BTA is justified in retaining the county's valuation of the property." *Id.*; *see also Moskowitz v. Cuyahoga Cty. Bd. of Revision*, 150 Ohio St.3d 69, 2017-Ohio-4002, 78 N.E.3d 870, ¶ 9.

**{¶ 10}** The county, therefore, needed to present evidence supporting the fiscal officer's valuation only if Schutz first carried his burden by presenting evidence of a different value for the property.

*The absence of an expert appraisal*

**{¶ 11}** In his first proposition of law, Schutz argues that the BTA incorrectly faulted him for not submitting an expert appraisal. In support of this claim, he points to the BTA's reliance on *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175

Ohio St. 410, 412, 195 N.E.2d 908 (1964), in which we stated that "an appraisal becomes necessary" when evidence of a qualifying sale is not available. Schutz contends that the BTA applied an incorrect legal standard by stating that he "was required, but failed, to provide [a] competent appraisal[] of the parcel[], attested to by a qualified expert, for the tax lien date in issue," 2015 WL 402106 at *2.

{¶ 12} Contrary to the implication of the BTA's decision in this case, we have not applied *Park Invest. Co.* to require an *expert* appraisal whenever a complainant has not demonstrated a recent arm's-length sale. We have recognized, for example, that a nonexpert owner's opinion of value may support a valuation decision. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, ¶ 19. And even apart from a distinct opinion of value offered by an owner, a taxpayer may trigger the BTA's duty to adjust a valuation by documenting the purchase price of land and the cost of improvements. *See Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574-575, 635 N.E.2d 11 (1994). Schutz, therefore, correctly argues that the BTA should not have faulted him simply because he did not provide an appraisal "attested to by a qualified expert." The BTA should have addressed in its decision whether Schutz's other evidence satisfied his burden of proof.

{¶ 13} When the BTA misapplies the law and fails to fully address the evidence before it, it may be appropriate for this court to remand the matter for the BTA to properly carry out its role as fact-finder. *See Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 22-25. But as discussed below, the evidence the BTA failed to address in this case would not be legally sufficient to allow the BTA to perform an independent valuation of the property, much less to definitively prove Schutz's proposed value. For this reason, the BTA's decision retaining the fiscal officer's valuation was reasonable and lawful, and remanding the case to the BTA is

unnecessary. *See Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 27-28.

*Schutz's evidence*

**{¶ 14}** In his third proposition of law, Schutz argues that the BTA failed to consider his evidence that, he says, proves that the property's tax-year-2012 value was $40,000. The evidence Schutz points to concerned (1) his failed effort to sell the property for around $70,000, (2) sales of other properties in the same neighborhood, (3) the condition of the subject property as of the tax-lien date, and (4) his January 2009 purchase of the property for $14,300. In his reply brief, Schutz also argues that he, as the owner of the property, opined a value of $40,000 and that that opinion must be given weight under the owner-opinion rule. *See Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2017-Ohio-8843, ___ N.E.3d ___, ¶ 18 ("Under the owner-opinion rule, an owner of real property is competent to testify about the market value of the property, even if he or she is not qualified as an expert"). None of this evidence proves that the property should have been valued at $40,000.[1]

**{¶ 15}** First, the BTA did not act unreasonably or unlawfully in refusing to consider Schutz's testimony that he received no offers when he tried to sell the property for around $70,000. Schutz provided scant detail concerning his listing of the property. But more importantly, even if it had been substantiated, his claim does not tend to show that the property was worth $40,000 on the tax-lien date. Therefore, we hold that Schutz's testimony about his attempt to sell the property was legally insufficient to prove a different value. *See also Gupta v. Cuyahoga*

---

[1] Schutz also asks us to take judicial notice of certain facts, including additional facts related to the sales of nearby properties. But in doing so, Schutz invites us to abdicate our appellate role and to consider information that was not before the BTA. The rule allowing courts to take judicial notice of certain facts is not "an exception to the rule that evidence must be timely offered in a judicial proceeding." *AP Hotels of Illinois, Inc. v. Franklin Cty. Bd. of Revision*, 118 Ohio St.3d 343, 2008-Ohio-2565, 889 N.E.2d 115, ¶ 8, fn. 1. Because Schutz did not present this evidence in the proceedings below, we disregard it in this appeal.

*Cty. Bd. of Revision*, 79 Ohio St.3d 397, 399-400, 683 N.E.2d 1076 (1997) (stating that BTA "was not required to assign any weight" to testimony about unaccepted offers to purchase subject property).

{¶ 16} Second, the BTA's failure to address the sales data Schutz submitted also was neither unreasonable nor unlawful. This evidence merely reported sale prices of nearby properties since January 2009 and stated the conclusion that "[t]he median sale price of homes on Berkeley Rd. west of Taylor Rd. since 2009 is $33,500." Schutz offered nothing to confirm that the sales actually occurred, and he made no adjustments to relate the purported sale prices to the subject property. We have considered similar sales data as evidence corroborating that a sale was at arm's length. *See Schwartz v. Cuyahoga Cty. Bd. of Revision*, 143 Ohio St.3d 496, 2015-Ohio-3431, 39 N.E.3d 1223, ¶ 30. But Schutz did not offer the data here for that purpose; instead, he relies on it as affirmative proof that his property was worth $40,000 in 2012. Because the data does not demonstrate that value, we hold that it is legally insufficient to satisfy Schutz's burden of proof.

{¶ 17} Third, Schutz testified concerning the "fair" condition of the property on the tax-lien date and supported his testimony with documentation of multiple housing-code violations. This evidence, standing alone, does not prove that the property's value was $40,000. *See Throckmorton v. Hamilton Cty. Bd. of Revision*, 75 Ohio St.3d 227, 228, 661 N.E.2d 1095 (1996) ("Evidence of needed repairs, or the cost of needed repairs, while a factor in arriving at true value, will not alone prove true value"). Without affirmative evidence of the property's value or specific analysis of how the property's condition affected its value, any evidence of defects in the property is inconsequential. The BTA did not act unreasonably or unlawfully in disregarding this evidence.

{¶ 18} Finally, the BTA reasonably and lawfully determined that Schutz's 2009 purchase was not probative of the property's value because it was too remote from the January 1, 2012 tax-lien date. "[A] sale that occurred more than 24 months

before the lien date and that is reflected in the property record maintained by the county auditor or fiscal officer should not be presumed to be recent when a different value has been determined for that lien date as part of the six-year reappraisal." *Akron City School Dist.*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, at ¶ 26. Because Schutz could not benefit from a presumption of recency, he was required to "come forward with evidence showing that market conditions or the character of the property has not changed between the sale date and the lien date." *Id.* The BTA's determination that Schutz did not satisfy this burden is a factual finding to which we must defer.

{¶ 19} This conclusion also justifies rejection of Schutz's purported owner-opinion of value. Even if his testimony could be construed as a value opinion, it is clear that he derived that opinion by adding the 2009 purchase price to the total of the expenditures he supposedly made for improvements to the property. Because the BTA properly rejected the sale price as evidence of value, the sale price was not a proper foundation for Schutz's opinion of value.

{¶ 20} On the whole, Schutz argues, the evidence he presented suggests that the property's 2012 value was not $104,100 and was more likely $40,000. But as the complainant and the appellant at the BTA, his burden was to prove that "the value [he] advocates is a correct value." *EOP-BP Tower*, 106 Ohio St.3d 1, 2005-Ohio-3096, 829 N.E.2d 686, at ¶ 6. Because the evidence he presented, when considered individually or collectively, does not demonstrate a value of $40,000, the BTA acted reasonably and lawfully in retaining the fiscal officer's valuation.

*Cumulative error*

{¶ 21} In his fourth proposition of law, Schutz contends that the BTA violated his right to due process by failing to act as an impartial tribunal. In support, he refers to the "cumulative result of the errors set forth in" his first three propositions of law. Because Schutz's individual claims of error lack merit, this

claim also fails. *See Moskowitz*, 150 Ohio St.3d 69, 2017-Ohio-4002, 78 N.E.3d 870, at ¶ 16.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

J. Alex Morton, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Mark R. Greenfield, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Fiscal Officer.

_____