[Cite as *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-5427.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CLEVELAND MUNICIPAL SCHOOL   :
DISTRICT BOARD OF EDUCATION,

     Plaintiff-Appellant,     :

                                 No. 109028

     v.                     :

CUYAHOGA COUNTY BOARD OF     :
REVISION, ET AL.,

     Defendants-Appellees.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 25, 2020

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2017-2157

---

### *Appearances:*

Brindza, McIntyre & Seed, L.L.P., Robert A. Brindza, Daniel McIntyre, David H. Seed, David A. Rose, and Laura C. Griffis, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Cleveland Municipal School District Board of Education ("BOE") appeals the decision of the Ohio Board of Tax Appeals ("BTA") that affirmed the decision of the Cuyahoga County Board of Revision ("BOR"). The agencies refused to adopt the school board's tax year 2016 valuation of four parcels transferred to

East 55th Street I L.L.C. ("East I") and East 55th Street II L.L.C. ("East II") (East I and East II sometimes referred collectively as "East L.L.C.") in July 2016. Appellees have not filed a brief in this case.

{¶ 2} We affirm the BTA's decision.

## I. Background

{¶ 3} The subject property consists of four commercial industrial parcels identified as: (1) 123-08-004, 2700 East 55 Street; (2) 123-09-117, 2717 East 51 Street; (3) 123-09-003, 2721 East 51 Street; and (4) and 123-09-078, East 53 Street (no listed street address). The property is located in Cleveland, Ohio, near Interstate 480 and contains a 113,431 square-foot industrial and warehouse building known as the Ohio Farmers Building that was constructed on the property in 1971 and renovated in 1994. BOE states the property was sold in July 2016 for $3,185,000. The 2016 fair market value of the property for Cuyahoga County's 2016 fiscal tax year is listed at $1,123,000.

{¶ 4} On March 31, 2017, BOE filed a complaint with BOR to request a property valuation increase for the 2016 tax year to $3,185,000. Appellees did not file countercomplaints or appear at the hearing.

{¶ 5} The BOE contends that an arms-length transaction occurred to transfer title to the property without disclosure of the true sale price of the property to avoid an increase in property taxes and payment of the conveyance fee to the county. A limited warranty deed recorded July 6, 2016, conveyed an undivided 50 percent interest in the property from Gelb Instruments, L.L.C. to East II. The deed

was executed by Ellen Lorie Gelb, Trustee of the Ellen Lorie Gelb Living Trust Agreement dated August 25, 2000, as sole member of the limited liability company. A second limited warranty deed filed immediately thereafter conveyed the remaining 50 percent from Eliot Gelb Realty, L.L.C. to East 55th Street I L.L.C. The deed is executed by Eliot Gelb, Trustee under the Eliot S. Gelb Trust Agreement dated September 13, 1991, as sole member of the limited liability company.

{¶ 6} Through a public records request directed to the Cuyahoga County Department of Development, BOE secured a copy of a summary "Buyer's Statement" that lists HEC Properties, L.L.C. ("HEC") as buyer and First American Exchange L.L.C. ("First American") as a qualified intermediary for the Gelb companies. James Romano ("Romano") signed the statement on behalf of HEC. The listed purchase price is $3,185,000 for property identified as "2700 East 55th Street." The signature lines for the Gelb parties, First American, and for the title agency that issued the statement are not executed. The county's response advised BOE that the county did not have a copy of the purchase agreement.

{¶ 7} BOE also proffered Resolution No. R2016-0013 of the Cuyahoga County Council "authorizing an Economic Development Fund Accelerated Growth Loan in the amount not-to-exceed $1.5 million to HEC for the benefit of a project located at 2700 East 55th Street." The loan facilitates implementation of a project expected to retain 130 existing jobs and create an additional 50 jobs. BOE also produced a copy of the mortgage deed issued by the county to East I and East II in

an amount not to exceed $1.5 million. HEC signed as the sole member of East I and East II.

{¶ 8} Additional exhibits include a series of ordinances issued by the city of Cleveland for the sale of city-owned vacant lots and articles by Scene Magazine and Crain's Cleveland Business ("Crain's"). The exhibits disclose that Romano is the chief financial officer of Hillcrest Food Service ("Hillcrest") and that HEC is the real estate holding company for Hillcrest. Hillcrest purchased the property to create a 193,000 square foot distribution center as part of a $7.9 million community development expansion project. According to Crain's, the city of Cleveland also granted a 10-year 60 percent tax abatement for the project.

{¶ 9} On October 19, 2017, the BOR determined that there would be no change to the valuation. On November 16, 2017, BOE appealed to the BTA. Appellees did not participate.

{¶ 10} On August 20, 2019, based on the record and the evidence presented by BOE, BTA concluded that BOE appellant failed to introduce credible evidence supporting its position:

> As discussed above, when "the record clearly indicates that the transfer of membership interest was done solely to transfer title to the subject property, this board has found that such a transaction constitutes the sale of the underlying real property for real property valuation purposes." *30050 Chagrin, supra.* However, in this case, there is no credible evidence that the sale of membership in East was solely a sale of real property. The facts are similar to cases wherein we have held that no "sale" of real property occurred. Moreover, the record lacks credible evidence (such as testimony by an owner), that the transfer was only for the sale of real property. *See 30050 Chagrin, supra.* The record also lacks financial documents for East or an appraisal of the

subject, which could be used to assist in confirming the transfer price was at market. Because the BOE has not met its burden, we see no reason to deviate from the auditor's values as retained by the BOR.

Decision and Order, p. 4 (Aug. 20, 2019).

{¶ 11} BOE appeals.

## II.     Assignments of error:

{¶ 12} Appellant states the Decision and Order of the Board of Tax Appeals is unlawful and erroneous in the following respects, quoting verbatim:

1.      The decision of the Board of Tax Appeals' failed to properly adjust the true value of the subject property to reflect the evidence provided by the School Board.

2.      The Board of Tax Appeals' abused its discretion in rejecting the July 6, 2016, sale of the property as evidence of the value of the property.

3.      The Board of Tax Appeals' determination of true value was against the manifest weight of the evidence.

4.      The decision of the Board of Tax Appeals is not reasonable and lawful.

5.      The Board of Tax Appeals' erred in determining that the School Board failed to satisfy its assigned burden of proof.

6.      The Board of Tax Appeals' abused its discretion as the evidence demonstrated that the transfer of membership interest described in the sale and purchase agreement was done solely for the purpose of transferring title to the property.

7.      The Board of Tax Appeals' abused its discretion as the documents and testimony demonstrate that this was a sale of real property and not a membership transfer.

8.      The Board of Tax Appeals' abused its discretion in failing to follow this Court's decision in *Orange City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-634, 2019, Ohio App. LEXIS 663, affirmed *Orange City Schools Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 2020-0hio-710, 2020 Ohio

LEXIS 576, 2020 WL 1042180 ("hereinafter "*30050 Chagrin Boulevard, L.L.C.*")

9. The Board of Tax Appeals' abused its discretion in determining that the record lacks specific evidence of the transaction to make clear the newly formed entity's sole purpose was to facilitate the transfer of real property only.

10. The Board of Tax Appeals' abused its discretion in finding there was no credible evidence that the sale of membership was solely a sale of real property.

11. The Board of Tax Appeals' abused its discretion in finding that the record lacks credible evidence that the transfer was only for the sale of real property.

## III. Preliminary Matters

{¶ 13} As a preliminary matter, we note that appellees failed to participate in the proceedings before the BTA and BOR as well as to file appellate briefs before this court. The BOR rendered its decision on the "notice of appeal, statutory transcript certified by the fiscal officer, this board's hearing record, and the BOE's exhibits." Decision and Order, p. 1 (Aug. 20, 2019).

{¶ 14} Where deemed a failure to file, "this 'court may accept the appellant's statement of the facts and issues as correct and reverse judgment if appellant's brief reasonably appears to sustain such an action.'" *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 8, fn. 1, quoting App.R. 18(C). "App.R. 18(C) does not impose a form of appellate default judgment where the court of appeals can reverse solely because the appellee failed to file a brief." *In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ¶ 3. "Reversal is warranted only if the arguments in the appellant's brief reasonably appear to support a reversal." *Id.*

## IV. Discussion

### A. Failure to Adjust Value

{¶ 15} The first assigned error is the BTA's failure to properly adjust the true value of the subject property to reflect the evidence provided by the BOE. We find that the assigned error lacks merit.

#### 1. Standard of Review

{¶ 16} This court's standard of review is set forth in R.C. 5717.04:

> If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

{¶ 17} """The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.""" *Orange City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 107199, 2019-Ohio-634, ¶ 17, quoting *Schutz v. Cuyahoga Cty. Bd. of Revision*, 153 Ohio St.3d 23, 2018-Ohio-1588, 100 N.E.3d 362, ¶ 6, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. """[T]his court will not disturb a decision of the [BTA] with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.""" *Id.*, quoting *Schutz* at ¶ 6, quoting *Fodor* at syllabus. Thus, this court must "affirm the BTA's decision if it is 'reasonable and lawful.' *Id.*; R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14." *Id.* at ¶ 18.

{¶ 18} Our review of the legal questions addressed by the BTA is de novo, but "we defer to the BTA's factual findings, including determinations of property value, as long as they are supported by reliable and probative evidence in the record." *Id.*, citing *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

### B. Analysis

{¶ 19} The BTA's decision in this case was rendered on August 20, 2019. BOE cites *Orange City School Bd. Of Edn.*, 8th Dist. Cuyahoga No. 107199, 2019-Ohio-634, 2019, *aff'd*, *Orange City Schools Bd. Of Edn. v. Cuyahoga Cty. Bd. of Revision*, 160 Ohio St.3d 21, 2020-Ohio-710, 153 N.E.3d 20. *Orange* was affirmed on the authority of the Ohio Supreme Court's decision in *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877. The BOE argues that the BTA's valuation decision conflicts with those decisions as well as the evidence.

{¶ 20} Clearly,

> R.C. 5713.03 requires county auditors to "determine, as nearly as practicable, the true value of the fee simple estate, as if unencumbered * * *," of real property. In so doing, if the property "has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, * * * the auditor may consider the sale price * * * to be the true value for taxation purposes." *Id.*

*Columbus City Schools Bd. of Edn.*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 28.

{¶ 21} R.C. 5713.03 creates a rebuttable presumption that a property's recent sale price in an arm's-length transaction constitutes the best evidence of the true monetary value. *Id.* at ¶ 29, citing *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 33, citing *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus, citing R.C. 5713.01. The court also recognizes "'a companion presumption that 'a submitted sale price has met all the requirements that characterize true value,' subject to rebuttal by proof that the sale was not at arm's length or not recent.'" *Id.* at ¶ 29, quoting *Terraza 8* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St. 3d 325, 327, 677 N.E.2d 1197 (1997).

{¶ 22} It is undisputed that the appellant bears the burden of proof when appealing to the BTA. *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243. This court defers to the BTA's factual findings where they are not unlawful or unreasonable. We do not find that is the case upon our review of the record. The BTA determined that

> this board has not considered the sale of membership interest[s] to be a real property sale when the record lacks specific evidence of the transaction, which make clear the newly formed entity's sole purpose was to facilitate the transfer of real property only.

Decision, p. 3.

{¶ 23} To establish that a membership transfer is actually a sale of property, the BTA relies on "purchase agreements and other contracts of the parties." *Id.* at

p. 2. "If those documents make clear no other going concern value or assets were owned by the newly-formed entity, this Board has been willing to recognize that transfer as a sale for real property valuation purposes." *Id.* at p. 2-3, citing *Orange City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* , 2018 Ohio Tax LEXIS 927 (Ohio B.T.A. April 23, 2018).

{¶ 24} The BTA also stated,

> The deeds show the ownership was transferred from Gelb Investments L.L.C. and Eliot Gelb Realty L.L.C. to East. However, the record is devoid of evidence about whether East owned any assets prior to the transfer of the subject property. Neither testimony nor tangible evidence was presented on that point. We also note the record lacks credible evidence to explain the relationship between Hillcrest, the owner of the adjacent property (HEC Properties), and East.

Decision at p. 3.

{¶ 25} The mortgage deed issued by the county is for an amount up to $1.5 million. As the BTA recognized and BOE concedes, there is no conveyance fee statement, purchase agreement, or other evidence that documents the sale price of the property. The conveyance fee "statement has been important in other cases involving the sale price of real estate as we have often justified applying the sale-price presumption to the amount the property owner reported on the conveyance-fee statement." *Columbus City School Bd. of Edn.*, 59 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 44.

{¶ 26} We do not find that the BTA's decision was unlawful or unreasonable. *Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. BOE's

arguments do not support a reversal. *In re S.M.T.*, 8th Dist. Cuyahoga No. 97181, 2012-Ohio-1745, ¶ 3.

{¶ 27} The first assigned error lacks merit. In addition, our determination renders the remaining assigned errors moot. App.R. 12(A)(1)(c).

## V.     Conclusion

{¶ 28} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Ohio Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR