[Cite as *REO Invests. L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2022-Ohio-1171.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

REO INVESTMENTS LLC,                  :

     Plaintiff-Appellant,          :

                              No. 110711

     v.                                          :

CUYAHOGA COUNTY BOARD OF        :
REVISION, ET AL.,

     Defendants-Appellees.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  April 7, 2022

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2019-2715

---

***Appearances:***

Lynch & Lynch Law LLC and Scott Lynch, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Saundra Curtis-Patrick, Assistant Prosecuting Attorney, *for appellee*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Plaintiff-appellant REO Investments LLC ("REO") appeals the Ohio Board of Tax Appeals' ("BTA") decision to reset the valuations on two of REO's

properties, valuations that were higher than the Cuyahoga County Board of Revision's ("BOR") assigned valuations. REO requests that we reverse the BTA'S decision and allow the BOR's property valuations. We reverse the BTA's decision.

## I.    Facts and Procedural History

{¶ 2} REO's business practices include the purchase and renovation of distressed single-family homes. REO invested funds to bring the properties up to code and commercially viable to ultimately rent to tenants. The renovations make the properties commercially viable and compliant with local building codes. On March 23, 2019, the BOR convened to hear and decide on REO's six property valuation cases. The BOR conducted two separate hearings and made property valuations on all six properties; however, only two properties are subject to this appeal.

{¶ 3} In 2016 and 2017, REO purchased the two properties for $15,000, parcel no. 643-31-039 ("Property A") and $6,000, parcel no. 645-43-021 ("Property B"), respectively. However, Cuyahoga County's fiscal officer assessed Property A at $74,800 and Property B at $52,700. Because the property assessments were significantly more than the purchase prices, REO appealed the decision to the BOR.

{¶ 4} At the hearings, the owner of REO testified that the company invested approximately $9,000 in repairs and improvements to Property A and $8,000 to Property B. After the hearings, the BOR lowered the property valuations to $23,000 and $12,000, respectively.

**{¶ 5}** REO, unhappy with the BOR's decision, appealed to the BTA. REO argued that the purchase price of the properties were the most accurate indications of valuations. However, the BTA decided that the recent sales price of the properties were not accurate because of the improvements to the properties made by REO. The BTA reset the valuations to the original assessments of $74,800 for Property A and $52,700 for Property B.

**{¶ 6}** REO filed this appeal assigning one error for our review:

> The BTA erred when it required appellant to present an appraisal when appellant presented a detailed owner-opinion and its underlying rationale.

## II. Property Valuations

### A. Standard of Review

**{¶ 7}** This court's standard of review is set forth in R.C. 5717.04:

> If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

**{¶ 8}** "'The fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities.'" *Orange City School Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 107199, 2019-Ohio-634, ¶ 17, quoting *Schutz v. Cuyahoga Cty. Bd. of Revision*, 153 Ohio St.3d 23, 2018-Ohio-1588, 100 N.E.3d 362, ¶ 6, quoting

*Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52, 239 N.E.2d 25 (1968), syllabus. "'[T]his court will not disturb a decision of the [BTA] with respect to such valuation unless it affirmatively appears from the record that such decision is unreasonable or unlawful.'" *Id.*, quoting *Schutz* at ¶ 6, quoting *Fodor* at syllabus. Thus, this court must "affirm the BTA's decision if it is 'reasonable and lawful.'" *Cuyahoga Cty. Bd. of Revision* at ¶ 18; R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14." *Id.* at ¶ 18.

{¶ 9} The legal standard of our review is de novo, but "we defer to the BTA's factual findings, including determinations of property value, as long as they are supported by reliable and probative evidence in the record." *Id.*, citing *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## B. Law and Analysis

{¶ 10} REO argues that the BTA's decision to increase the two property valuations was in error. In its decision, BTA stated,

> In the absence of a qualifying sale, we are mindful of the Supreme Court's long-standing pronouncement holding that while a qualifying sale typically provides the best method of determining value * * * such information is not usually available, and such an appraisal becomes necessary. *State ex rel Park Investment Co. v. Board of Tax Appeals*, 175 Ohio State 410 (1964). In the absence of qualifying sales, REO was required, but failed, to provide a competent appraisal of the subject property, attested to by a qualified expert, for the tax lien date in issue. Accordingly, based upon our review of the record, we find that appellant has failed to establish a reduced value for the subject property.

BTA opinion, p. 5.

{¶ 11} REO cites *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, 17 N.E.3d 537, to support its contention that the BTA erred by not relying on the recent purchase prices of Properties A and B. The Supreme Court, in *Worthington*, stated that although a property's value should be determined through opinion testimony of an expert, there is an exception that allows the BTA to consider the owner of the property's testimony "'concerning the value of his property without being qualified as an expert, because he is presumed to be familiar with it from having purchased or dealt with it.'" *Id.* at ¶ 18, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 605 N.E.2d 936 (1992), paragraph two of the syllabus. "The court has recognized the validity of the owner-opinion rule in the context of valuing realty for tax purposes." *Id.* at ¶ 19, citing *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574, 635 N.E.2d 11 (1994).

{¶ 12} REO filed a motion at the BTA requesting to submit a written argument in lieu of a hearing. The BTA granted the motion, and REO filed its written argument, but did not submit any additional evidence. The BOR also submitted a written argument in support of their position. In REO's written argument, it contended that the valuations of the properties should be the purchase

prices of the properties. The BTA is not required to simply grant REO's request to lower the valuations, but they can consider REO's testimony about the valuation.

{¶ 13} However, the court in *Worthington* stated,

> [O]ur decision in *Bedford Bd. of Edn.*, 115 Ohio St.3d 449, 2007-Ohio-5237, 875 N.E.2d 913, prescribes a different rule under these circumstances: when the board of revision has reduced the value of the property based on the owner's evidence, that value has been held to eclipse the auditor's original valuation.

*Id.* at ¶ 35. In this instant case, the BOR reduced the fiscal officer's valuation to $23,000 for Property A and $12,000 for Property B. Following the rule explained in *Worthington*, the BOR's valuation should be adopted. *See, e.g, Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin Nos. 21AP-86, 21AP-87, 21AP-88, 2022-Ohio-355, ¶ 10; *Copley-Fairlawn City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 147 Ohio St.3d 503, 2016-Ohio-1485, 68 N.E.3d 723, ¶ 19; and *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 148 Ohio St.3d 695, 2016-Ohio-8332, 72 N.E.3d 633, ¶ 15.

{¶ 14} Therefore, REO's assignment of error is sustained, and we reverse the BTA's decision to revert to the auditor's valuation, with the result that the BOR's valuation of the property is reinstated. *Worthington* at ¶ 42.

{¶ 15} Judgment reversed and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Ohio Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., and
JAMES A. BROGAN, J.,* CONCUR

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)