[Cite as *Cuyahoga Cty. Treasurer v. Schutz*, 2026-Ohio-2091.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TREASURER OF CUYAHOGA COUNTY, OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 115821 |
| v. | | |
| | : | |
| ALEXANDER SCHUTZ, | | |
| | : | |
| Defendant-Appellant. | | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-956063

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Hannah Singerman, Assistant Prosecuting Attorney, *for appellee.*

J. Alex Morton, *for appellant.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Defendant-appellant Alexander Schutz ("Schutz") appeals from the trial court's October 16, 2025 judgment adopting a magistrate's decision granting

foreclosure on the subject property located on Berkeley Road in Cleveland Heights. After a review of the facts and pertinent law, we affirm.

{¶ 2} In 2021, plaintiff-appellee the Treasurer of Cuyahoga County, Ohio ("the treasurer") filed this foreclosure action for delinquent property taxes owed on the property. The treasurer attached a delinquent land certificate to its complaint certifying the delinquency as well as its statutory advertisement and a preliminary judicial report describing the subject property and identifying Schutz as the sole person who may have had interest in the property. Schutz was served with the complaint and thereafter, pro se, filed an answer in which he objected to the valuation of the property. The record demonstrates that Schutz challenged the property's valuations for various years ranging from 2009 through 2017 and all the valuations were upheld by the Board of Tax Appeals ("BTA"). Moreover, Schutz appealed to the Supreme Court of Ohio from the BTA's valuation regarding tax year 2012 and the 2012 valuation was upheld by the Court. *See Schutz v. Cuyahoga Cty. Bd. of Revision*, 2018-Ohio-1588.

{¶ 3} A case management conference was held in April 2022; Schutz failed to appear. The treasurer filed a land affidavit, a final judicial report, and an affidavit indicating that Schutz was not in active military service. A tax hearing was set for August 2022.

{¶ 4} Schutz appeared at the tax hearing and represented himself pro se. He was sworn in and stated on the record that he had not paid estimated taxes during the majority of his valuation challenges before the Board of Revision as

required by R.C. 5715.19, admitting, under oath, that taxes are due and owing on the property. Schutz attempted to offer the testimony of J. Alex Morton to argue that the valuation of the property was incorrect.[1] The treasurer objected to the testimony on the grounds that it was not proper, factual witness testimony and that it was not relevant to the case. The trial court allowed Morton to begin his testimony but stopped the testimony and the hearing, memorializing its reasons in a subsequent judgment entry as follows:

> Due to the witness' numerous interruptions of the court, failure to comply with court requests and orders, attempting to testify outside of the scope of the question before him and the apparent irrelevant nature of the testimony, the court concluded the hearing while the witness was on the stand. As the magistrate instructed, the parties are granted leave up to and including September 30, 2022, to brief any relevant issues in this case. The magistrate will issue a decision after October 1, 2022. As defendant Schutz was present at the hearing, presented argument and testimony, called witnesses and did not reassert his request to continue the hearing, his motion to continue tax hearing is denied as moot.

(August 31, 2022 judgment entry.)

{¶ 5} The parties filed briefs in accordance with the trial court's order. Thereafter, the parties participated in settlement negotiations without reaching a resolution of the dispute.

{¶ 6} The docket remained dormant until September 25, 2025, at which time the magistrate filed a decision recommending that the property be foreclosed upon. Schutz did not file objections to the magistrate's decision. On October 16, 2025, the trial court adopted the magistrate's decision and ordered the foreclosure

---

[1] J. Alex Morton is Schutz's attorney for this appeal. The record indicates that at the time of the tax hearing, Morton was suspended and attempting to get reinstated.

sale.  On November 2, 2025, Schutz filed a motion for relief from judgment and for leave to file objections to the magistrate's decision, which the treasurer opposed on November 5, 2025.  On November 14, 2025, Schutz filed this appeal.[2]  He presents the following two assignments of error for our review:

I.      The trial court erred in failing to conclude that the County Treasurer's claim for delinquent taxes is illegal, excessive, and the product of violations of Taxpayers Constitutional rights to due process of law and to limited ad valorem taxation by the County Fiscal Officer and Board of Revision.

II.     The trial court erred in failing to conclude that the Treasurer has unclean hands and for that reason as a matter of equity is barred from collecting the full amount of the delinquent taxes, penalties, and interest claimed by the Treasurer.

{¶ 7}  Initially, we note that as to the 2012 tax year, the issue has been decided by the Supreme Court of Ohio, which upheld the valuation.  *See Schutz*, 2018-Ohio-1588.  This court is an intermediate state appellate court and as such is without authority to "make a determination that conflicts with a decision of the Supreme Court of Ohio that has not been reversed or overruled." *State v. Worrell*, 2007-Ohio-2216, ¶ 10 (10th Dist.).

{¶ 8}  Regarding the other tax years, Schutz failed to take any further action after the BTA upheld the valuations.  Further, the same valuation method that Schutz challenged in his 2012 appeal to the Supreme Court was used for the other

---

[2] At the time Schutz filed this appeal, the trial court had not ruled on his motion for relief from judgment and leave to file objections to the magistrate's decision; the motion remains pending in the trial court.

tax years. Schutz's first assignment of error revolves around the valuation method. Again, we are without authority to overrule the Supreme Court.

{¶ 9} Moreover, Schutz's claims are barred by res judicata. Under the doctrine of res judicata, any issue or claim that was or should have been litigated in a prior action between the parties may not be relitigated. *State v. Kimbro*, 2014-Ohio-4869, ¶ 7 (9th Dist.). In *Ledyard v. Plymouth Park Tax Serv., L.L.C.*, 2012-Ohio-3817 (8th Dist.), for example, this court held that res judicata prevented a property owner from relitigating whether the use of tax certificates as the basis for foreclosing on property was legally valid because the same legal question had already been decided by a court of competent jurisdiction. The same valuation used in the 2012 case that Schutz appealed to the Supreme Court of Ohio was used in the valuations for the other tax years. The issue has been settled, and Schutz is barred under res judicata from litigating it again.

{¶ 10} The first assignment of error is overruled.

{¶ 11} In his second assignment of error, Schutz contends that the trial court failed to find that the treasurer acted with unclean hands.

{¶ 12} The doctrine of unclean hands provides that "one who seeks equity must do equity." *State ex rel. DeWine v. Shadyside Party Ctr.*, 2014-Ohio-2357, ¶ 29 (7th Dist.), citing *Basil v. Vincello*, 50 Ohio St.3d 185 (1990). The doctrine requires that the party invoking equity "'not be guilty of reprehensible conduct'" regarding the subject matter of the action. *Id.*, quoting *Basil* at 190. A foreclosure action is equitable in nature. *Buckeye Retirement Co. L.L.C. v. Walling*, 2006-Ohio-

7059, ¶ 16 (7th Dist.). "'[T]he unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct.'" *Deutsche Bank Natl. Trust Co. v. Pevarski*, 2010-Ohio-785, ¶ 24 (4th Dist.), quoting *Safranek v. Safranek*, 2002-Ohio-5066, ¶ 20 (8th Dist.).

{¶ 13} According to Schutz, "The conduct of the County that produced the sum the Treasurer is claiming to be delinquent taxes is sufficiently reprehensible as a matter of law to justify this Court in finding that the Treasurer's unclean hands bar the County's claim." (Appellant's brief, p. 9.)

{¶ 14} Schutz's conclusory allegation is insufficient to invoke the doctrine of unclean hands. Moreover, Schutz had legal remedies to address whatever misconduct he alleges the treasurer committed, thus making the doctrine inapplicable here. On this record, the second assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR